# Ex Parte FORREST E. KNEEDLER, Petitioner.

### Division Two, June 1, 1912.

1. **AUTOMOBILE STATUTE: Injury: Giving Name to Injured Party: Self-Incriminatory: Constitutional.** Section 12 of the Automobile Statute (Laws 1911, p. 322), declaring that "any person operating a motor vehicle who, knowing that injury has been caused to a person or property, due to the culpability of said operator, or to accident, leaves the place of said injury or accident, without stopping and giving his name, residence, . . . and operator's license number to the injured party, or to a police officer, or to . . . the nearest police station, or judicial officer, shall be guilty of a felony punishable by a fine of not more than five hundred dollars, or by imprisonment of not more than two years," is not violative of that portion of the Constitution which declares that "no person shall be compelled to testify against himself in a criminal cause." The statute does not in terms attempt to authorize the admission of the exacted information as evidence in a criminal case. The mere fact that the driver discloses his identity is no evidence of his guilt, but rather of his innocence; and on the contrary, flight is regarded as evidence of guilt. No constitutional provision was designed to protect a man's conduct from judicial inquiry, or to aid him in fleeing from justice.

2. ――――: ――――: ――――: ――――: ――――: **Declaring Statute Invalid.** Even if, in the enforcement of a statute in a criminal prosecution, a constitutional right is involved, it is not necessary, by a *habeas corpus* proceeding brought while that prosecution is pending, to invalidate the statute in order that the defendant may secure its protection. If the constitutional privilege declaring that "no person shall be compelled to testify against himself in a criminal cause" justifies the defendant automobile driver in refusing to give the information exacted by the statute, that defense can be raised when he is prosecuted for such refusal.

3. ――――: **Privilege: Accepted with Restrictions.** Unrestricted use of motor vehicles on public streets would be extremely dangerous to life and limb and the property of the public. Their use thus becomes a fit subject for State regulation. Every person who uses a motor vehicle must be regarded as exercising a privilege and not an unrestricted right. It being a privilege granted by the Legislature, a person enjoying it must take it subject to all proper regulations.

Habeas Corpus.

PETITIONER REMANDED.

*Kent Koerner* and *Glendy B. Arnold* for petitioner.

(1) Sec. 12 of the Motor Vehicle Act of 1911, upon which the information in this case is bottomed, is unconstitutional and void because it requires the operator of an automobile, in violation of sec. 23 of art. 2 of our Constitution, to give information which may lead to his being charged with or convicted of a crime. State ex rel. v. Hdw. Co., 109 Mo. 118; People v. Rosenheimer, 128 N. Y. Supp. 1095; People v. Rosenheimer, 130 N. Y. Supp. 544. (2) The statute is also void because it is in conflict with sec. 14 of art. 2 of our Constitution, which forbids the Legislature to pass any law abridging the freedom of speech. Ex parte Harrison, 212 Mo. 88. (3) The phrase "that no person shall be compelled to testify against himself in a criminal cause" as used in art. 2, sec. 3, of our Constitution, "means that no person shall be compelled to give utterance to any fact by word or pen which utterance might then or afterwards be used as evidence against him in a proceeding then pending or afterwards to be brought." State ex rel. v. Hdw. Co., 109 Mo. 118; People v. Rosenheimer, 128 N. Y. Supp. 1095. (4) "The constitutional guaranty against self-accusation, applies to anything required to be said or produced which is receivable in evidence; it being immaterial whether it be an oral statement provable against interest or a document receivable in evidence for a like purpose." (5) The Legislature has no power to pass a law which requires a person to disclose evidence which might lead to his being charged

with or convicted of a crime. State ex rel. v. Hdw. Co., 109 Mo. 118. (6) *Habeas corpus* lies to discharge a prisoner held to answer an indictment or information founded on unconstitutional law. Ex parte Harrison, 212 Mo. 88; Ex parte Smith, 135 Mo. 223; Ex parte Neat, 157 Mo. 527; Ex parte Lucas, 160 Mo. 218.

*Seebert G. Jones* and *Forrest G. Ferriss* for respondent.

(1) The statute is not in conflict with section 14 of article 2 of the Constitution in relation to freedom of speech. The statute denies neither the right to speak freely nor the correlative right to remain silent. No statement or information is required from those who stop and remain at the scene of the accident. (2) The statute does not require a person to be a witness or give evidence, but to stay at the place of the accident, a duty imposed by common humanity. If he chooses to leave the place, he may do so freely after reporting the accident. The statute does not compel a person to testify against himself in a criminal cause, and it therefore does not violate sec. 23 of art. 2 of the Constitution. (3) The chief purpose of the statute is to protect those using the streets and highways of the state—to prevent and ameliorate accidents— and it is a valid exercise of the police power of the State. People v. Rosenheimer, 130 N. Y. Supp. 544. (4) Statutes regulating the registration, licensing, operating and speed of motor vehicles constitute a proper exercise of the police power of the State. Among such statutes are those requiring automobiles to stop upon signal or when about to frighten horses, and statutes requiring operators to display their license numbers in plain sight on their automobiles. One purpose of such regulations is to make known the identity of the operator in case of his failure to ob-

serve the statutory regulations. 28 Cyc. 32, 34; State
v. Swagerty, 203 Mo. 517; People v. Schneider, 139
Mich. 673. (5) No one has a natural right to operate
an automobile in this State. It is not a privilege of
citizenship, nor a privilege accorded to every citizen.
The State has the right to impose such conditions
upon those it may authorize to operate automobiles
as it may deem necessary to properly regulate and
control such operation for the safety of its citizens.
Whoever accepts the privilege of operating an auto-
mobile, assumes the obligation imposed by the State
of either remaining at the place of accident or report-
ing the accident. State v. Davis, 108 Mo. 666. (6)
We have in this State numerous statutes similar to
the one in controversy, in that they impose penalties
for failure to give information concerning transac-
tions which may involve crime; as for instance, the
following: In respect to reporting accidents in mines
(R. S. 1909, sec. 8462); accidents in factories (secs.
7827, 7846); physicians reporting deaths (secs. 6670,
6685); officer of private or other bank refusing to
submit to examination (secs. 4585, 1085); druggists
filing lists of prescriptions (secs. 5782, 5783); dealer
refusing to deliver for inspection food offered for sale
(secs. 6610, 4828, 4845, 4846); and bucket-shops fur-
nishing names to customers (secs. 4777). Among
these, a druggist's act on this point has been upheld
in this State, and also a pawnbroker's act. State v.
Davis, 108 Mo. 666; St. Joseph v. Levin, 128 Mo. 588.
And other states have upheld statutes requiring drug-
gists to make public records or sworn statements of
their sales of liquor to be used in prosecutions for il-
legal sales. State v. Henwood, 123 Mich. 317; State
v. Davis, 69 S. E. (W. Va.) 639; State ex rel. v. Dono-
van, 10 N. D. 203.

FERRISS, J.—*Habeas corpus* to discharge peti-
tioner from the custody of the sheriff of the city of

St. Louis, who holds petitioner under a *capias* issued on an information based upon the following statute:

"Whoever operates a motor vehicle while in an intoxicated condition shall be guilty of a misdemeanor. Any person operating a motor vehicle who, knowing that injury has been caused to a person or property, due to the culpability of the said operator, or to accident, leaves the place of said injury or accident, without stopping and giving his name, residence, including street and street number, and operator's license number to the injured party, or to a police officer, or in case no police officer is in the vicinity of place of said injury or accident, then reporting the same to the nearest police station, or judicial officer, shall be guilty of a felony punishable by a fine of not more than five hundred dollars, or by imprisonment for a term of two years, or by both such fine and imprisonment; and if any person be convicted a second time of either of the foregoing offenses, he shall be guilty of a felony punishable by imprisonment for a term of not less than two years and not more than five years. A conviction of a violation of this subdivsion shall be reported forthwith by the trial court or the clerk thereof to the Secretary of State, who shall, upon recommendation of the trial court, suspend the license of the person so convicted, or if he be an owner, the certificate of registration of his motor vehicle, and, if no appeal therefrom be taken, or if an appeal duly taken be dismissed, or the judgment affirmed, and upon notice thereof by said clerk, the Secretary of State shall revoke such license, or in the case of an owner the certificate of registration of his motor vehicle, and shall order the license or certificate of registration delivered to the Secretary of State, and shall not re-issue to him said license or certificate of registration or any other license or certificate of registration unless the Secretary of State in his discretion, after an

investigation or upon a hearing, decides to reissue or issue such license or certificate.''

The information charges in the first count that one Ernest Combs was in charge and control of, and operating and managing, an automobile upon a street in the city of St. Louis, and then and there, by accident, struck, ran over, injured and killed one Frank Farrar, with such automobile, and that he, knowing that such injury had been caused, did then and there, unlawfully and feloniously, leave the place of such accident without stopping and giving his name, residence and license number, and further, that the petitioner, before said Combs left the place of the accident, did unlawfully, feloniously and knowingly incite, procure, aid, counsel, hire and command the said Combs to do and commit said felony of feloniously leaving the place of said accident, in the manner and form aforesaid. The second count of the information contains the same charge, except that instead of charging the injury to have been accidental, the information charges that Combs did, then and there, ''feloniously, carelessly, recklessly and with culpable negligence,'' throw and cast the said Farrar to the pavement and drive the automobile over him, causing his death, making the same charge against the petitioner as to inciting Combs to leave the place of injury.

A demurrer was filed to this information in the circuit court and overruled, whereupon petitioner applied in this court for a writ of prohibition against Hon. James E. Withrow, judge of the circuit court before whom the cause was pending, which application was denied. He then sued out this writ of *habeas corpus*.

The only question involved is, whether or not the act in question is constitutional. It is claimed by the petitioner that the statute violates section 23 of article 2 of the State Constitution, which provides that

"no person shall be compelled to testify against himself in a criminal cause."

The statute in question is section 12 of an act of the Legislature approved March 9, 1911 (Laws 1911, p. 322), and comprising in all sixteen sections, containing minute regulations and restrictions upon the use of motor vehicles on public streets and highways. Under the provisions of the act every automobile must be registered with the Secretary of State, with the name and address of its manufacturer and owner, and the number of such vehicle. Such number must be conspicuously displayed on the vehicle. The character of the brakes, signaling devices and lights is specified. The statute prescribes the rate of speed and other rules of the road. Every chauffeur must be licensed, and must also register his name and address. The highest degree of care is exacted in operating the vehicle. No such vehicle can be operated without a license from the State.

The section in controversy was enacted for the purpose, doubtless, of preventing those controlling and operating automobiles from concealing their identity by immediate flight from the scene of accident, and also to secure necessary aid for the injured. Therefore it requires those in charge of the vehicle to remain at the place of accident, or give their names and addresses before leaving.

There can be no question but that this act, including section 12, is a reasonable exercise of the police power. The petitioner does not contend otherwise. His contention is that, whether reasonable or not as a police measure, it is invalid because it violates the constitutional provision that "no person shall be compelled to testify against himself in a criminal cause." The argument is that the driver may be charged with the crime of culpable negligence, and that the information exacted by the statute in question may be used

as evidence to establish his connection with the injury.

The statute is a simple police regulation. It does not make the accident a crime. If a crime is involved, it arises from some other statute. It does not attempt in terms to authorize the admission of the information as evidence in a criminal proceeding. The mere fact that the driver discloses his identity is no evidence of guilt, but rather of innocence. [State v. Davis, 108 Mo. 667.] On the contrary, flight is regarded as evidence of guilt. In the large majority of cases such accidents are free from culpability. If this objection to the statute is valid, it may as well be urged against the other provisions, which require the owner and chauffeur to register their names and number, and to display the number of the vehicle in a conspicuous place thereon, thus giving evidence of identity, which is the obvious purpose of the provisions. [St. Louis v. Williams, 235 Mo. 503.] We have several statutes which require persons to give information which would tend to support possible subsequent criminal charges, if introduced in evidence. Persons in charge are required to report accidents in mines and factories. Physicians must report deaths and their causes, giving their own names and addresses. Druggists must show their prescription lists. Dealers must deliver for inspection foods carried in stock. We held a law valid which required a pawnbroker to exhibit to an officer his book wherein were registered articles received by him, against his objection based on this same constitutional provision. We held this to be a mere police regulation, not invalid because there might be a possible criminal prosecution in which it might be attempted to use this evidence to show him to be a receiver of stolen goods. [State v. Levin, 128 Mo. 588.] If the law which exacts this information is invalid because such information, although in itself no evidence of guilt, might possibly lead to a charge of

crime against the informant, then all police regulations which involve identification may be questioned on the same ground. We are not aware of any constitutional provision designed to protect a man's conduct from judicial inquiry, or aid him in fleeing from justice. But even if a constitutional right be involved, it is not necessary to invalidate the statute to secure its protection. If, in this particular case, the constitutional privilege justified the refusal to give the information exacted by the statute, that question can be raised in the defense to the pending prosecution. Whether it would avail we are not called upon to decide in this proceeding.

The petitioner relies upon State ex rel. v. Simmons Hardware Co., 109 Mo. 118, wherein we held a statute invalid which required an officer of a corporation to answer under oath whether the corporation had violated the statute concerning trusts and combinations, and where the statute further made a violation of such trust statute a crime. The distinction between that case and this is obvious. There the information relates directly to a crime created by the same statute, and is necessarily incriminatory if the answer is in the affirmative. [In re Conrades, 112 Mo. App. l. c. 41.] This distinction was pointed out also in the Levin case, supra.

Our attention is called to the case of People v. Rosenheimer, 128 N. Y. Supp. 1093, wherein the Court of General Sessions held a similar act invalid. This decision was affirmed by a divided court, three to two, in the appellate division. [130 N. Y. Supp. 544.] We regard the dissenting opinion by INGRAHAM, P. J., as sustained by the better reasoning.

Similar statutes have been passed in Maine, New Jersey, Michigan, Florida, California and other states. Our attention is called to no decision upon the question involved here by any court of last resort.

Common observation and experience show that unrestricted use of motor vehicles on public streets would be extremely dangerous to life and limb and the property of the public. Their use thus becomes a fit subject for State regulation. Every person who operates or uses a motor vehicle must be regarded as exercising a privilege and not an unrestricted right. It being a privilege granted by the Legislature, a person enjoying such privilege must take it subject to all proper restrictions.

We cannot hold invalid this statute, imposing a proper restriction, because of its suggested possible relation to a possible criminal prosecution.

It is ordered that the petitioner be remanded.

*Brown, P. J.,* and *Kennish, J.,* concur.