[Crim. No. 330.   Second Appellate District.—June 17, 1914.]

## THE PEOPLE, Respondent, v. O. A. DILLER, Appellant.

AUTOMOBILE LAW—COLLISION—STATUTE IMPOSING PENALTY FOR FAIL-
URE OF DRIVER TO REVEAL IDENTITY AND RENDER ASSISTANCE—
CONSTITUTIONALITY OF STATUTE.—Section 367c of the Penal Code,
which makes it a crime for the driver of a motor vehicle, in case
of a collision with any person or vehicle, to refuse to stop and
render to the person struck, or to the occupants of the vehicle
collided with, all necessary assistance, and to give to such injured
person or persons the number of his vehicle, his name and address,
and the name of the owner of such vehicle, does not offend the
constitutional provision that "no person shall be compelled, in any
criminal case, to be a witness against himself."

ID.—PURPOSE OF STATUTE—POLICE REGULATION.—The statute is a simple
police regulation; it does not make the accident a crime. If a
crime is involved, it arises from some other statute. It does not
attempt in terms to authorize the admission of the information as
evidence in a criminal proceeding; and the mere fact that the driver
discloses his identity is no evidence of guilt, but rather of innocence.

APPEAL from a judgment of the Superior Court of San
Diego County and from an order refusing a new trial.   T. L.
Lewis, Judge.

The facts are stated in the opinion of the court.

Rodgers & Davis, and Davis & McCoy, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy
Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted of the offense defined in section 367c of the Penal Code, Stats. 1911, p. 62, it being charged that while driving an automobile a collision occurred between the one operated by him and another automobile, and that he did not stop his car, nor give the occupants of the other automobile the number of his car, his name and address, nor the name of the owner of the machine which he was driving when the collision occurred.

On appeal he attacks the validity of the statute upon the ground that it is obnoxious to section 13 of article I of the constitution, which provides that "no person shall be compelled, in any criminal case, to be a witness against himself." Section 367c of the Penal Code, [Stats. 1913, p. 218] provides: "Whenever an automobile, motor cycle, or other motor vehicle, or any vehicle whatsoever, regardless of the power by which the same may be propelled or drawn, strikes any person, or collides with any vehicle containing a person, the driver of, and all persons in, such automobile, motor cycle or other motor vehicle, or other vehicle, who have or assume authority over such driver, shall immediately cause such automobile, motor cycle, or other motor vehicle, or other vehicle, to stop, and shall render to the person struck, or to the occupants of the vehicle collided with, all necessary assistance including the carrying of such person or occupant to a physician or surgeon for medical or surgical treatment, if such treatment be required, or if such carrying is requested by the person struck or the occupant of the vehicle struck; and such driver, and person having or assuming authority over such driver, shall further give to the occupants of such vehicle or person struck, the number of such automobile, motor cycle, or other motor vehicle, or other vehicle, if the same have a number, together with the name and address of the driver of such automobile, motor cycle, or other motor vehicle, or other vehicle, also the name of the owner thereof and the name of the passenger; or passengers not exceeding five in such automobile, motor cycle, or other motor vehicle, or other vehicle at the time of such striking or collision. Any person violating any of the provisions of this section is punishable by imprisonment in the state prison not exceeding five years or in the county jail not exceeding one year, or by fine not

exceeding five thousand dollars, or by both such fine and imprisonment.''

Appellant's argument is that since such a collision might be due to dereliction of duty under circumstances showing an actual intent to injure and upon which a charge of criminal negligence might be based against the driver, the information which he is required to give under the provisions of said section 367c could be used as evidence in prosecuting him for the offense. Provisions similar to that found in the statute have been enacted in a number of states the organic laws of which, like our own, provide that no person in a criminal case shall be compelled to be a witness against himself. Among such states are Missouri and New York, the highest courts of which have upheld the law against the attack here made. (See *Ex parte Kneedler*, 243 Mo. 632, [Ann. Cas. 1913C, 923, 40 L. R. A. (N. S.) 622, 147 S. W. 983] ; *People* v. *Rosenheimer*, 209 N. Y. 115, [102 N. E. 530].) In the New York case the court held that it was within the power of the legislature to prohibit altogether the operation of automobiles on the public highways, and since this power might be exercised by the legislature any restrictions or conditions attached, less than absolute prohibition, subject to which they might be operated, was lawful; in other words, the greater power included the less. This position is based upon the theory that the driver of an automobile in the operation thereof exercises a privilege and not a right, and as to such privilege it is competent for the legislature to prescribe the conditions upon which it shall be exercised, or deny it altogether. Reference is made to the opinion for the numerous authorities cited in support of the proposition. While the reasons thus assigned for sustaining the validity of a statute might be deemed ample ground for affirming the judgment, other reasons equally cogent are suggested. If a collision between automobiles be due to circumstances showing an actual intent to injure persons or the property of another, such fact would constitute a criminal offense, not by virtue, however, of section 367c, but by reason of other provisions of the law. In the case at bar it is not claimed, or even suggested, that the collision was due to criminal neglect on the part of defendant; hence, so far as shown by the record, no crime was committed. Under the law a witness may be

compelled to give answers to competent and relevant questions upon the trial of an issue of fact; nevertheless, if such answers tend to incriminate or connect him with a crime, such fact justifies his refusal to answer. Conceding the case of a collision due to malicious and wanton intent of a person, he might—though we do not so hold, since it is unnecessary to so decide—as in any other case where the answer of a witness tends to incriminate him, assert his privilege and refuse to give the information upon the ground that compliance with the statute would compel him to give testimony against himself. Whatever might be the effect in the case of a collision due to criminal negligence of a party, suffice it to say that in the case at bar, since no crime was committed, the constitutional provision could have no application and in such case the constitutional rights of defendant could not be infringed by exacting the information required by the statute. We adopt with approval what is said by the supreme court of Missouri in the Kneedler case, as follows: ''The statute is a simple police regulation. It does not make the accident a crime. If a crime is involved, it arises from some other statute. It does not attempt in terms to authorize the admission of the information as evidence in a criminal proceeding. The mere fact that the driver discloses his identity is no evidence of guilt, but rather of innocence. (*State v. Davis,* 108 Mo. 666, [32 Am. St. Rep. 640, 18 S. W. 894].) On the contrary, flight is regarded as evidence of guilt. In the large majority of cases, such accidents are free from culpability. If this objection to the statute is valid, it may as well be urged against the other provisions, which require the owner and chauffeur to register their names and number, and to display the number of the vehicle in a conspicious place thereon, thus giving evidence of identity, which is the obvious purpose of the provision. (*St. Louis* v. *Williams,* 235 Mo. 503, [139 S. W. 340].) We have several statutes which require persons to give information which would tend to support possible subsequent criminal charges, if introduced in evidence. Persons in charge are required to report accidents in mines and factories. Physicians must report deaths and their causes, giving their own names and addresses. Druggists must show their prescription lists. Dealers must deliver for inspection foods carried in stock. We held a

law valid which required a pawnbroker to exhibit to an officer his book wherein were registered articles received by him, against his objection based on this same constitutional provision. We held this to be a mere police regulation, not invalid because there might be a possible criminal prosecution in which it might be attempted to use this evidence to show him to be a receiver of stolen goods. (*St. Joseph* v. *Levin,* 128 Mo. 588, [49 Am. St. Rep. 577, 31 S. W. 101].) If the law which exacts this information is invalid, because such information, although in itself no evidence of guilt, might possibly lead to a charge of crime against the informant, then all police regulations which involve identification may be questioned on the same ground. We are not aware of any constitutional provision designed to protect a man's conduct from judicial inquiry, or aid him in fleeing from justice.''

The record presented discloses no ground for defendant's contention, and the judgment and order are therefore affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1914.