In the Matter of the Application of BLINDLESS HEADLIGHT PROTECTOR, INC., Petitioner, for a Mandamus Order against CHARLES A. HARNETT, Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Albany County, October 11, 1930.

*Irving I. Goldsmith* [*Walter M. Hinkle* of counsel], for the petitioner.

*Hamilton Ward, Attorney-General,* for the respondent.

RUSSELL, J. The applicant claims to be the owner and patentee of a device to be attached to motor vehicle headlamps for the purpose of preventing the glare of such headlamps when used upon the public highways of the State. He applied to the Commissioner of Motor Vehicles and demanded that said Commissioner accept his formal application to have tested his lighting device and that said Commissioner should furnish him with the proper forms and regulations for the making of such application and that thereafter said Commissioner should submit the applicant's lighting device to the proper tests provided for in section 15 of the Vehicle and Traffic Law (as amd. by Laws of 1930, chap. 539). Further, that the said Commissioner should pass upon said device, indicating whether the same should be approved or disapproved.

The position of the Commissioner of Motor Vehicles of this State is that he has no power, under the statute referred to, to pass upon the device submitted because it was submitted as an independent device and not applied to a headlamp as a whole; that he is in duty bound to consider only a device submitted by any person for the purpose of automobile illumination when it is presented in connection with a headlamp.

The applicant's petition to the Commissioner of Motor Vehicles having been denied, he now seeks his remedy before the courts in the way of an order to compel said Commissioner to accept it.

Eminent counsel have appeared and exhaustively argued both sides of this motion and it seems to be a matter of great importance to the individual applicant as to whether or not his device is approved or rejected.

Because of the attitude of the Commissioner of Motor Vehicles of this State in failing to consider the application of the owner of this device, he feels that his constitutional rights have been invaded as follows: (a) That such rejection results in an unconstitutional discrimination between individuals; (b) that such denial deprives him of his property rights without due process of law.

The paramount question to be considered is the proper construction of section 15 of the Vehicle and Traffic Law (as amd. by Laws of 1930, chap. 539). Because of the origin of this statute and its various amendments from time to time until the present statute became a law it naturally follows that such statute in its literal wording may not be beyond doubt as to its meaning, but when the whole scheme of the control of automobile traffic upon the highways of this State, the property rights and the safety of individuals are considered, there is not much room for doubt and the Commissioner of Motor Vehicles of this State was right when

he denied the right of the applicant to have his device tested as an independent device.

Furthermore, the applicant's claim that his constitutional rights were invaded by the refusal of the Commissioner to consider his application is erroneous, because he has failed to consider that in making his application, when he was without the rules and regulations authorized by the statute, he sought to assert a right which, under the public policy of the State, is not a right but a privilege. (42 C. J. 616; *People* v. *Rosenheimer*, 209 N. Y. 115, 121.)

Without attempting to enter into a detailed construction of the statute involved, it seems to me that the applicant has misconceived his rights, either under the statute or the Constitution.

The history of the statute under consideration, together with the memoranda submitted by the various State officers in authority at the time of its enactment, lead inevitably to the conclusion that public policy requires the very action taken by the Commissioner of Motor Vehicles in the instant case. It is evident that it was the legislative intent to vest in said Commissioner the very power which he has exercised and which it is now sought to correct.

It requires no more citation of authority to add weight to the statement that the basic thought to be gathered from the statute is the intent of the Legislature when the statute was passed, than when the construction of a contract, a conveyance or a testament is brought in issue. It obviously follows from a reading of this statute that the spirit of the law must be ascertained no matter what its letter may be. It is further obvious that the whole legislation of this State, as to automobile traffic, as well as of sister States, is to regulate and control the traffic of motor vehicles upon the public highways of the State for the better protection and safety of the people at large. When this authority is exercised by a public officer, vested with the power and discretion of enforcing a statute regulating such traffic, the courts will hesitate to interfere, unless it convincingly and satisfactorily appears that the intent of the statute has been misconstrued. I am satisfied that it has not been. It is a matter of common knowledge that the administration of the Motor Vehicle Laws controlling traffic upon the public highways is very difficult, but the major question to be considered is the ultimate rights of the people as against an individual, no matter how honest his motive may be.

It is true that under former statutes headlighting devices were presented, tested and approved and that such devices are now in use, but in the process of time and the evolution of the statute, errors have been discovered and remedies applied, so that at the present time an independent lighting device may no longer be con-

sidered by the officer in whom the power is vested when presented independent of a headlamp as a whole.

In view of the situation here presented, concededly there being no issue of fact involved, it follows that the applicant is not entitled to either a peremptory or an alternative order of mandamus.

The motion is denied, with costs.