SNYDER *v.* STATE OF INDIANA.

[No. 25,980.  Filed February 16, 1934.]

*James M. Ogden, Attorney-General,* and *Merl M. Wall, Deputy Attorney-General,* for the State.

FANSLER, J.—Appellant was convicted upon an affidavit identical in all substantial details, except the date, with the affidavit described in the case of *Snyder* v. *State* (1933), 204 Ind. 666, 185 N. E. 507. He filed a motion to quash the affidavit, which was overruled, after which there was a trial by the court, finding and judgment that appellant was guilty as charged, and a motion for a new trial which was overruled.

The evidence is not in the record, nor are there any exceptions, or is any question shown to have been presented which was saved by the motion for a new trial.

Appellee suggests that appellant's brief is not in accordance with Rule 22 of this court, and that no error is presented, and there is merit in the contention. But appellee further suggests that, since the questions involved may be of importance, they should be considered, and we will endeavor to consider them.

It is contended that chapter 213 of the Acts of 1925 (Acts 1925, p. 570, §§47-101, et seq., 47-501, et seq., Burns Ind. Stat. Ann. 1933, §§11100 et seq., Baldwin's Ind. Ann. Stat. 1934), violates §19 of Article 4 of the Constitution of Indiana, for the reason that it embraces more than one subject and matters properly connected therewith. The title of the act is as follows:

"An Act providing for the registration and licensing of motor vehicles, motor bicycles, tractors, trailers and semi-trailers, for the regulation of the use and operation thereof on the public highways, defining chauffeurs and providing for the examination and licensing thereof, the suspension and revocation of licenses, and the transfer of ownership, requiring the keeping of certain records of motor vehicles, motor bicycles and motor trucks for which storage, supplies or repairs are furnished, providing that liens may be taken thereon, and prescribing penalties for the violation thereof."

It is contended that the title of the act embraces more than one subject, to wit: "(a) Matters relating to the

operation, registration, and licensing of motor vehicles. (b) Liens for repair work done upon automobiles."

The act goes to great length in regulating the use of motor vehicles and the transfer of ownership therein. Section 56 (§47-552, Burns 1933, §11185, Baldwin's 1934), provides that those engaged in the business of storing, furnishing supplies for, or repairing motor vehicles, shall obtain the name and address of the owner of every motor vehicle which is left in their custody, and keep a record thereof, together with the license number of the vehicle; that such person shall have a lien for work done upon such motor vehicles, and that after thirty days, upon proper notice, they may sell the motor vehicle at public auction for the satisfaction of such lien, and shall deliver to the purchaser a certificate setting forth the fact of such lien and sale, and the number of the license and the certificate of title, and upon presentation of such certificate to the secretary of state, together with a proper application from the purchaser, the secretary of state shall note an assignment upon the certificate of title. This section of the statute does not create a lien; it is merely declaratory of the common law lien. *Grusin, etc.* v. *Stutz Motor Car Co.* (1934), post 296, 187 N. E. 382.

It is true that the section provides certain additional remedies for the lien holder, but its primary purpose is to provide a method of transferring the title to automobiles which are sold in satisfaction of liens, and thus it is within the general purpose of the act.

It is next urged that §52 (§10153, Burns Stat. 1926), of the act is unconstitutional because offending against §23 of Article 1 of the Constitution of Indiana, forbidding special privileges and immunities. It provides that the highway commission, boards of county commissioners, and township trustees shall have power to prescribe the maximum weight of any motor

vehicle and the load transported thereby, which may be operated over any gravel or macadam highway at any time when such highway is thawing through, or by reason of wet weather is in a condition to be cut up and injured. The only reason urged is that the effect of the provision is that operators of trucks may leave Marion County with a given load, but when they reach an adjoining county may become criminals by proceeding further. There is, of course, no authority or reason to support the contention. The legislature has the power to delegate supervision of the highways at times when they are in danger of being destroyed. It is contended that the same section contravenes §23 of Article 4 of the Constitution, which is as follows: "In all cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the state." It is inconceivable that the constitutional provision requires that the driver of a vehicle shall be permitted to haul loads of the same weight on all roads of the state, regardless of their structural capacity or temporary condition.

It is contended that the act offends against §20 of Article 4 of the Constitution, which is as follows: "Every act and joint resolution shall be plainly worded, avoiding as far as practicable, the use of technical terms." The first section, almost two pages of the act, is given over to the definition of such words as trailer, semi-trailer, and tractor. It is not open to the objection urged, nor to the next one, that the act is void for uncertainty because the term "combined unit of motor vehicle," and the term "truck" are not defined.

Every other question attempted to be raised or discussed is decided adversely to appellant's contention in the case of *Snyder* v. *State, supra.*

Judgment affirmed.