## St. Clair *v.* State of Indiana.

[No. 26,294. Filed July 1, 1935. Rehearing denied
November 18, 1935.]

*Howard H. Bates* and *Garritt M. Bates,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *William E. Bussell,* Deputy Attorney-General, for the State.

FANSLER, J.—Appellant was convicted of failing to stop his motor vehicle after colliding with and inflicting injuries upon a pedestrian resulting in death. He was sentenced to be imprisoned at the Indiana State Prison for a period of 60 days and fined in the sum of $25.00. The offense is defined by section 47-518, Burns 1933.

The errors assigned question the constitutionality of the statute, and the sufficiency of the evidence to sustain the verdict and judgment.

Appellant contends that the act is unconstitutional and violative of section 19 of article 4 of the Constitution of Indiana, because both the title and the body of the act embrace two subjects, viz: (1) the regulation of motor vehicles upon the public highways, and (2) the granting of liens in certain cases to certain persons. This precise question has been decided adversely to ap-

pellant's contention. *Ule* v. *State* (1935), 208 Ind. 255, 194 N. E. 140; *Snyder* v. *State* (1934), 206 Ind. 202, 188 N. E. 777.

It is also contended that the act violates section 14 of article 1 of the Constitution of Indiana, which provides that no person shall be put in jeopardy twice for the same offense, or be compelled to testify against himself. This question has also been decided contrary to appellant's contention. *Ule* v. *State, supra.*

Appellant contends that there is no proof that he had any knowledge that his motor car had collided with the person who was injured. He points out that he, himself, testified that he did not see the man; that the evidence shows the headlights and fenders on his car were not damaged, and that there were no marks upon the car; that there was a slight fog, and the street lights were not on, and that it was after sunset, and that it had started to rain. But this is the evidence favorable to the defense. Witnesses testified that when asked why he ran after the accident, he answered that it was no use crying over spilled milk, and that he would take what was coming to him; that when told he had done a very bad thing, he said that he realized it; that defendant had been drinking, and was intoxicated. He admitted drinking, but denied being intoxicated. There was evidence that the speed of defendant's car checked after the collision, and was speeded up again. A witness in another car testified that when the collision occurred he saw the body of the man who was struck "come around and up above the hood and radiator of the car."

The trial court had before it this evidence, and all of the facts and circumstances surrounding the transaction, and, while the evidence brought forward by appellant supports his testimony and the contention that he was not conscious of having collided with the man

who was injured, we cannot say that there is not evidence which supports the court's finding to the contrary. It is well settled that this court will not weigh conflicting evidence, and that when there is any competent evidence which supports the verdict or finding of the trial court, it will not be disturbed on appeal because of insufficiency of evidence.

Judgment affirmed.