## Commonwealth v. Showers

*John P. Butt,* district attorney, for Commonwealth.
*Keith & Bigham,* for defendant.

SHEELY, P. J., April 22, 1938. — Defendant was convicted of violating subsection (*b*) of section 1025 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §634, as amended. This statute requires the driver of any vehicle involved in any accident resulting in injury or death to any person, or damage to property, upon request, to give his name, address, and the registration number of his vehicle, and to exhibit his operator's license to the person struck or the driver or occupants of any vehicle collided with. At the conclusion of the Commonwealth's testimony defendant moved for a directed verdict of "not guilty", on the ground that the subsection of The Vehicle Code which he was alleged to have violated was in conflict with article I, sec. 9, of the Constitution of Pennsylvania, in that the statute compels the driver and owner of the motor vehicle to give evidence that may be used against him in a criminal prosecution. The motion was refused and the same reason is now assigned in support of a motion in arrest of judgment.

Article I, sec. 9, of the Constitution of Pennsylvania guarantees certain rights of the accused in criminal prosecutions and provides, inter alia, that "he cannot be compelled to give evidence against himself". The sole question presented is whether a statute which requires a person to reveal his identity after an automobile accident which may, though not necessarily must, involve a crime on his part, is a violation of the constitutional provision.

The precise question, so far as we have been able to determine, has never been decided in Pennsylvania. There are many statutes, however, requiring reports of various kinds to be made which might conceivably be used as evidence against the person reporting. Typical examples of such reports are the reports of condition required from banking institutions and insurance companies, reports of accidents in factories, reports of deaths required from physicians, and the records of narcotic sales required to be kept by druggists. The constitutionality of these statutes has never been questioned.

Statutes containing provisions similar to subsection (*b*) of section 1025 of The Vehicle Code of Pennsylvania have been construed in a number of States having constitutional provisions similar to article I, sec. 9, of the Constitution of Pennsylvania. The leading cases are Ex parte Kneedler, 243 Mo. 632, 147 S. W. 983 (1912), and The People of the State of N. Y. v. Rosenheimer, 209 N. Y. 115, 102 N. E. 530 (1913). In each of these cases it is pointed out that the operation of an automobile upon the public highways is not a right, but only a privilege which the State may grant or withhold at pleasure, and that what the State may withhold it may grant upon condition. One condition imposed is that the operator must, in case of accident, furnish the demanded information. This condition is binding upon all who accept the privilege. Having accepted the privilege defendant cannot object to any conditions which have been attached thereto by the grantor with power to withhold the privilege entirely.

The right or immunity of refusing to give incriminating evidence is one that may be waived, and when it has been waived, the party may be compelled to furnish the evidence as might any other person. A frequent example of a waiver of the immunity is the defendant's consenting to be a witness on his own behalf.

These cases have been followed in The State of Kansas v. Razey, 129 Kans. 328, 282 Pac. 755 (1929), where the statute required, in addition to the requirements of the Pennsylvania Act, that the operator give "any other information demanded": Ule v. State of Indiana, 208 Ind. 255, 194 N. E. 140 (1935) ; St. Clair v. State of Indiana, 209 Ind. 135, 196 N. E. 683 (1935) ; State v. Sterrin, 78 N. H. 220, 98 Atl. 482 (1916) ; Scott v. The State, 90 Tex. Crim. 100, 16 A. L. R. 1420 (1921) ; The People v. Diller, 24 Cal. App. 799, 142 Pac. 797 (1914), and many other cases annotated in 66 A. L. R. 1234, and 101 A. L. R. 918.

In People v. Thompson, 259 Mich. 109, 242 N. W. 857 (1932) the requirements of the statute were upheld on the theory that the information required is not incriminating in any way and is the same information obtainable from the license plate attached to the automobile.

The only case to the contrary which has come to our attention is Rembrandt v. City of Cleveland, 28 Ohio App. 4, 161 N. E. 364 (1927), in which the city ordinance required the operator to "give immediate notice and make full report thereof to the police department of Cleveland." The distinction between a statute merely requiring identification of the operator and one requiring a full report of the accident is obvious, and is a distinction pointed out in The People of the State of N. Y. v. Rosenheimer, supra. The Pennsylvania statute requiring reports of accidents to be made specifically provides that no part of such report shall be admissible in evidence for any purpose, other than proof of the filing of the report, in any trial arising out of such accident: The Vehicle Code of 1929, supra, sec. 1214.

Even if the requirements of the statute be construed as violating the constitutional right of an accused not to be compelled to give evidence against himself, it is not necessary to invalidate the statute to secure its protection. In Ex parte Kneedler, supra, it was said:

"If, in this particular case, the constitutional privilege justified the refusal to give the information exacted by the statute, that question can be raised in the defense to the pending prosecution. Whether it would avail we are not called upon to decide in this proceeding."

In In re Opinion of the Justices, 271 Mass. 582, 596, 171 N. E. 294 (1930), it was said:

"Its provisions as applied to conceivable cases may be drastic. If a state of fact should arise where by its operation constitutional rights would be infringed, it might be held inapplicable. . . . In the main we perceive nothing violative of the fundamental law in this section."

The case of Horstman v. Kaufman, 97 Pa. 147 (1881), relied upon by defendant, is clearly distinguishable. In that case the court considered the provisions of the Act of June 11, 1879, P. L. 129, which enabled a plaintiff in an execution, upon filing an affidavit that he believed defendant owned property which he fraudulently concealed and refused to apply to the payment of his debts, to examine defendant on oath as to such property. In holding that this act violated article I, sec. 9, of the Constitution, the court pointed out that the initial proposition is to compel the debtor to reveal that which is made a misdemeanor by the Act of March 31, 1860, P. L. 382. In the present case defendant is required to reveal no more than his identity.

The case of In re Adjudication of Contempt of Myers et al., 83 Pa. Superior Ct. 383 (1924), fully sustains the right of a witness in a trial to refuse to disclose any fact which might constitute an essential link in a chain of evidence by which his guilt might be established. We have pointed out, however, that defendant by accepting the privilege of operating a motor vehicle on the highways waived this privilege, so that the ruling of this case is not applicable to him. It does not apply for another reason. Defendant in this case did not avail himself, or attempt to avail himself, of his constitutional privilege. He testified at the trial and readily admitted operating the motor

vehicle involved in the accident and sought to excuse his failure to comply with the statute. We have indicated that there might be circumstances in which a defendant could reply upon the rights secured by article I, sec. 9, of the Constitution, but this is not one of the cases.

We conclude that the provisions of subsection (*b*) of section 1025 of The Vehicle Code of 1929 do not violate the provisions of section 9 of article I of the Constitution of Pennsylvania. The motion in arrest of judgment must therefore be refused.

And now, April 22, 1938, defendant's motion in arrest of judgment is refused, and the district attorney is directed to call defendant for sentence.