THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VITO BONGIORNO, Appellant.

Present — Martin, P. J., Glennon, Untermyer, Dore and Callahan, JJ.; Martin, P. J., dissents and votes to reverse and dismiss the information; dissenting opinion by Martin, P. J.

MARTIN, P. J. (dissenting). On February 7, 1940, shortly after midnight, three people were crossing, on the north crosswalk of Fifty-seventh street, from the east side of Park avenue to the center island, when they were struck by a taxicab operated by the defendant, traveling north on the avenue. Two of the individuals struck by the taxicab are blind and the third has limited sight. At the trial the witness with the impaired sight could not see the defendant from the witness stand.

There is no testimony that defendant was driving at an unlawful rate of speed. There is a conflict of testimony as to the condition of the traffic light, the number of cars in the north-bound line of traffic, and the position of defendant's cab with reference to the other cars in the street.

On this conflicting testimony the defendant has been convicted of operating his taxicab in a culpably negligent manner, in violation of section 244 of the Penal Law.

In *People* v. *Angelo* (246 N. Y. 451) the Court of Appeals, discussing the question of culpable negligence, said:

" The leading case in this State on the subject is *People* v. *Buddensieck* (103 N. Y. 487). The recorder has told the jury that ' they must not only find that the evidence establishes, before they can convict, the presence of mere ordinary negligence on the part of the defendant, but they must find it in such extreme degree as the use of the term " culpable negligence " imports in the section of the code referred to.' And again he uses the words ' unlawful negligence or reckless means.' This court expressed generally approval of the charge. Other passing references to the subject have been made by us. In *People* v. *Rosenheimer* (209 N. Y. 115) Judge Cullen said that ' a distance separates the negligence which renders one criminally liable from that which establishes civil liability.' So in *Brown* v. *Shyne* (242 N. Y. 176) Judge Lehman says the charge of manslaughter can ' be sustained only if the defendant's negligence reached beyond the bounds of lack of skill and foresight where civil liability begins to a point where criminal liability is imposed because the negligence is not merely venial but is " culpable," involving fault for which the State may demand punishment.'

" ' Culpable ' negligence is therefore something more than the slight negligence necessary to support a civil action for damages. It means disregard of the consequences which may ensue from the act, and indifference to the rights of others. No clearer definition, applicable to the hundreds of varying circumstances that may arise, can be given. Under a given state of facts, whether negligence is culpable is a question of judgment. Ordinarily for the judgment of the jury, as is the question whether negligence exists at all. But in the one case as in the other it may become a question of law. If the negligence is so slight as not to reach the required standard the court should advise an acquittal of the accused. Under such circumstances the jury may not be allowed to find a verdict of guilty."

The guilt of the defendant was not established beyond a reasonable doubt. The judgment of conviction should be reversed, and the information dismissed.