### PEOPLE v. ROSENHEIMER.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

Appeal from Court of General Sessions, New York County.

Appeal by the People from a judgment and order (70 Misc. Rep. 433, 128 N. Y. Supp. 1093) sustaining a demurrer to an indictment charging Edward T. Rosenheimer with a violation of Highway Law, § 290, subd. 3, added to Consol. Laws 1909, c. 25, by Laws 1910, c. 374. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Robert C. Taylor, Asst. Dist. Atty., for the People.
James W. Osborne and Gilbert D. Lamb, for respondent.

PER CURIAM. Judgment and order affirmed on the opinion in the court below.

INGRAHAM, P. J. (dissenting). The indictment contains two counts, each charging the defendant with a violation of subdivision 3 of section 290 of the highway law as added to Consol. Laws 1909, c. 25, by chapter 374 of the Laws of 1910.

The first count alleges that defendant, while operating an automobile in the borough of the Bronx in the county of New York, ran into a carriage, the property of one Fedden, and having therein three persons, and that such collision was due to the culpability of the defendant; that one of the persons in the carriage was killed and the other persons seriously injured; that the defendant then and there operating the said automobile, and knowing that injury had been caused to the said carriage and occupants, did leave the place of the said injury without stopping and giving his name, residence, and license number to the injured parties or to any of them, or to any police officer, and without reporting to the nearest police station or judicial officer, and did leave the place of the said injury without stopping at all. The second count only differs in not alleging that the accident was caused by the culpability of the defendant.

Subdivision 3 of section 290 of the highway law is as follows:

"(3) Punishment for operating motor vehicle while in an intoxicated condition; for going away without stopping after accident and making himself known. Whoever operates a motor vehicle while in an intoxicated condition shall be guilty of a misdemeanor. Any person operating a motor vehicle who, knowing that injury has been caused to a person or property, due to the culpability of the said operator, or to accident, leaves the place of said injury or accident, without stopping and giving his name, residence, including street and street number, and operator's license number to the injured party, or to a police officer, or in case no police officer is in the vicinity of the place of said injury or accident, then reporting the same to the nearest police station, or judicial officer, shall be guilty of a felony punishable by a fine of not more than five hundred dollars or by imprisonment for a term not exceeding two years, or by both such fine and imprisonment; and if any person be convicted a second time of either of the foregoing offenses, he shall be guilty of a felony punishable by imprisonment for a term of not less than one year and not more than five years."

The court below held that this statute violated section 6 of article 1 of the Constitution of this state, which provides that no person shall be compelled in any criminal case to be a witness against himself. With that conclusion I do not agree.

The statute does not relate to a criminal prosecution. It does not make it a crime for a person operating an automobile to cause an injury to person or property, nor does it make the declaration of the person operating the automobile admissible in evidence in any criminal proceeding which may follow the happening of the accident. Whether a person causing an injury to person or property is guilty of crime depends upon other provisions of law, and they have no connection with the statute under review. If no crime was committed when the accident occurred—and it is not alleged that there was— the constitutional provision could have no application and the defendant's constitutional privilege was not infringed. A general provision of law compelling a party to be a witness generally would not violate this provision of the Constitution, because, if a crime was committed, it would be a violation of the Constitution to apply the statute to a criminal prosecution. In the recent development of motor vehicles it appears that they have largely increased the danger to persons using the streets and highways; that it has become necessary in many cases, to save life, to provide prompt assistance to those injured; and, if such a vehicle at once leaves the place of the accident without waiting to see the result of the injury, it is impossible to ascertain the identity of the person causing the injury. It was to meet this condition that the act was passed. It was for the protection of those using the streets and highways of the state, and it seems to me a valid exercise of the police power of the state to protect its citizens. If, as before stated, no crime had been committed, then the constitutional provision did not apply. If a crime had been committed and the defendant was justified in refusing to give his name and address or any information which could be used to identify him, it was for the defendant to assert his privilege and show that his compliance with the statute would compel him to give testimony against himself. Certainly nothing appearing in this indictment would indicate that a compliance with the statute would be in the nature of compelling the defendant to be a witness against himself in a criminal case.

The court below and the majority of this court have considered that this case is controlled by the Ferguson Case, 197 N. Y. 236, 90 N. E. 829. But I do not think it at all applies. I concurred in this court in the decision in that case, which was affirmed by the Court of Appeals. The statute condemned in that case authorized the State Comptroller to inquire into and ascertain whether a tax had been paid, and for that purpose to examine the books and papers of a dealer liable to pay the tax, and, if on such examination he ascertained that the tax had not been paid, the statute directed that he should bring an action for the tax and penalty. As the Court of Appeals said:

"How can there be any doubt that this statute, if enforced, would violate the latter provision? The State Comptroller is authorized to 'inquire into and ascertain whether the tax * * * has been paid,' and for this purpose it made it his right and duty to examine the books and papers. If, from

such examination, he ascertains that the tax has not been paid, he 'shall' bring an action for the recovery of the tax and 'for any penalty incurred,' etc. Any violation of the statute is made a misdemeanor, and in addition the violator will 'forfeit * * * a civil penalty' of $500 in an action which the Comptroller 'shall' bring. Thus we have an investigation to be conducted by a state official, the purpose of which is the detection of violations of a statute, the procedure of which is to compel a party to produce his private books as evidence against himself, and the sequel of which is penalties and criminal prosecution. If the statute had in terms enacted that the Comptroller might summon and examine, under oath, the relator for the purpose of securing evidence of violations by him and his firm of the statute in order that such evidence might be used as a basis for criminal proceedings or an action to recover the prescribed penalties either then pending or thereafter to be instituted, I suppose that no one would seriously contend that it did not violate the Constitution."

Thus the examination authorized had only to do with the ascertainment of the fact whether the person who was proceeded against was guilty of a crime, and it was to procure evidence of his guilt that the Comptroller was authorised to examine his books and papers without a warrant or other judicial proceeding. There the examination would only be justified if a crime had been committed and the person whose books and papers were to be examined was guilty; and the act which authorized the examination created the crime.

Neither of these conditions existed in the case before us, and it seems to me that if a compliance with the statute would, under the particular case, have required the witness to be a witness against himself in a criminal case, and so violate his rights under this constitutional provision, he was bound to plead the facts as a justification for a refusal to obey the statute.

The use of these motor vehicles has created a new condition in which those using the streets and highways in the state are subjected to serious damage. The Legislature, to protect the citizens of the state and to insure that prompt relief be supplied to those injured and that those causing the injuries could be ascertained, has made it the duty of the one causing the accident to remain and notify the police or a judicial officer. He is not required to give evidence or be a witness, but to stay at the place of the accident or give notice of the accident to the police. Certainly common humanity would impose such a duty, and I cannot believe that a statute which imposes and enforces it would violate the Constitution of this state.

I think, therefore, that the judgment appealed from should be reversed.

MILLER, J., concurs.