PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. ULISES PADILLA, Defendant and Appellant.

No. 2961. Argued May 6, 1927.—Decided May 18, 1927.

 

*Leopoldo Tormes* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

The defendant appeals from a judgment fining him $10 for violating subdivision (*b*) of section 12 of the Act to regulate the operation of motor vehicles of April 13, 1916. The charge against the defendant is that his car having collided with that of the complainant which it damaged, he did not stop at the place of the accident and did not give his name and address and license number to the complainant.

Subdivision (*b*) of that section reads as follows:

"In case of accident to person or property due to the operation of a motor vehicle; the person operating such vehicle shall stop and give his name and address and license number to the person injured or to any policeman or other person interested and, if not the owner of the vehicle, also the name and address of such owner. He also shall report the details of such accident at the next police station. In case of personal injury, the automobile causing such injury shall take the injured person or persons to the hospital, if desired, or the residence of such injured person, if it be in the nearest town in either direction from the scene of the accident, and if not, then such person or persons shall be taken to whichever of the two towns he requests."

When the legislators enacted that provision of law they undoubtedly meant it as a measure to prevent the driver of a motor vehicle or the person in control thereof from hiding his identity and fleeing from the place of the accident, and at the same time from refusing help to the person or persons who might have been injured.

The appellant, however, attacks the constitutionality of the

law, saying that the statute violates paragraph 3 of section 2 of the Organic Act which provides "that no person shall be compelled in any criminal case to be a witness against himself." This is the only question to be decided in the present case.

The statute violated has been taken from statutes more or less similar to those in force in different states of the Union. *Berry, on Automobiles,* page 62, says:

"A statute similar to that of New York has been passed in other States and has been literally embodied in the laws of the State of Missouri. It has been held that such statute does not violate any constitutional provision and that it is not contrary to public policy or to the principles of personal liberty."

It is interesting, however, to note that the statute in its origin, in the State of New York, was held to be unconstitutional, and in Missouri, on the contrary, the precept in controversy was held to be valid and constitutional.

In the case of *Ex parte Kneedler,* 40 L.R.A. (N. S.) 622, the court of Missouri alluded to the case of New York and said:

"Our attention is called to the case of *People* v. *Rosenheimer,* 70 Misc. 433, 128 N. Y. Supp. 1093, wherein the court of general sessions held a similar act invalid. This decision was affirmed by a divided court, three to two, in the appellate division. 146 App. Div. 875, 130 N.Y. Supp. 544. We regard the dissenting opinion by Ingraham, P. J. as sustained by the better reasoning.

"Similar statutes have been passed in Maine, New Jersey, Michigan, Florida, California and other states. Our attention is called to no decision upon the question involved here by any court of last resort."

For our part, we agree with the reasoning of the Supreme Court of Missouri sustaining the constitutionality of the statute. That court follows substantially in part the opinion of Judge Ingraham of New York, but the court adds new arguments which strengthen the spirit of the statute. That court said:

"The statute is a simple police regulation. It does not make the accident a crime. If a crime is involved, it arises from some other statute. It does not attempt in terms to authorize the admission of the information as evidence in a criminal proceeding. The mere fact that the driver discloses his identity is no evidence of guilt, but rather of innocence. . . . . On the contrary, flight is regarded as evidence of guilt. . . . . . If, in this particular case, the constitutional privilege justified the refusal to give the information exacted by the statute, that question can be raised in the defense to the pending prosecution. . . . . . We have several statutes which require persons to give information which would tend to support possible subsequent criminal charges, if introduced in evidence. Persons in charge are required to report accidents in mines and factories. Physicians must report deaths and their causes, giving their own names and addresses. Druggists must show their prescription lists. Dealers must deliver for inspection foods carried in stock. We held a law valid which required a pawnbroker to exhibit to an officer his book wherein were registered articles received by him against his objection based on this same constitutional provision. We held this to be a mere police regulation, not invalid because there might be a possible criminal prosecution in which it might be attempted to use this evidence to show him to be a receiver of stolen goods."

In order to sustain the constitutionality of the statute it has been said also that it is based on the theory that the driver of an automobile exercises while driving a privilege rather than a right and that in the case of a privilege the Legislature can fix the conditions under which such privilege may be exercised, or refuse it absolutely.

For the foregoing reasons the judgment appealed from must be affirmed.