El Pueblo de Puerto Rico, demandante y apelado, *v.* Ulises Padilla, acusado y apelante.

No. 2961.—*Visto:* Mayo 6, 1927. *Resuelto:* Mayo 18, 1927.

1. Testigos—Examen—Privilegio de Testigos—Preceptos Estatutorios—Interpretación.—El exigir el artículo 12, letra (*b*), de la Ley No. 75 de 1916 (p. 144), que, en caso de accidente, se dé la información a que se refiere dicho estatuto, no infringe el precepto constitucional del artículo 2, párrafo 3, de la Ley Jones, relativo a que nadie, en una causa criminal, será obligado a ser testigo contra sí mismo.

2. Carreteras *(Highways)*—Reglamentación y Uso para el Tránsito—Uso de la Carretera y Ley del Camino *(Law of the Road)*—Derecho al Uso—Vehículos de Motor.—El conductor de un vehículo de motor, al manejar el mismo, hace uso de un privilegio conferido por la Legislatura y el esta-

tuto que, como el artículo 12, letra (*b*), de la Ley No. 75 de 1916 (p. 144), fije las condiciones de su ejercicio prescribiendo se dé la información que en él se exige, es válido.

SENTENCIA de *Roberto H. Todd, Jr.,* J. (Ponce), condenando al acusado por el delito de infracción a la Ley de Automóviles, con costas. *Confirmada.*

*Leopoldo Tormes,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El acusado apela de una sentencia que le impone $10 de multa por violación del artículo 12, letra (*b*), de la Ley para reglamentar el uso de vehículos de motor, aprobada en abril 13, 1916. La acusación consiste en que habiendo chocado el automóvil que el acusado guiaba con otro del denunciante, y el cual resultó con desperfectos, no se detuvo en el sitio del accidente para dar su dirección, nombre y número de su licencia al denunciante. Dicho apartado, letra (*b*), dice así:

"(b) En caso de accidente ocurrido a una persona o propiedad, debido al funcionamiento de un vehículo de motor, la persona que manejare dicho vehículo deberá detenerse a dar su nombre, dirección y el número de su licencia a la persona perjudicada o a cualquier policía u otra persona interesada; y si no fuere el dueño del vehículo, dará también el nombre y dirección del dueño. También deberá comunicar los detalles de tal accidente a la estación de policía más próxima. En caso de lesión personal, el automóvil que fuere causante de aquélla llevará a la persona o personas lesionadas al hospital, si así lo solicitaren, o a la residencia de dichas personas, si estuviere en la población más cercana, en cualquier dirección, del sitio del accidente; y, si éste no fuere el caso, entonces dicha persona o personas serán conducidas a cualquiera de las dos poblaciones que solicitaren."

La intención del legislador al establecer tal disposición fué sin duda alguna como una medida preventiva, tratando de evitar que el conductor de un vehículo de motor, o la persona que tenga el dominio del mismo, puedan ocultar su

identidad y huyan del sitio del accidente, y presten al mismo tiempo asistencia a la persona o personas que hayan podido ser lesionadas.

[1] El apelante, sin embargo, ataca la validez de la ley diciendo que dicho precepto infringe el artículo 2, párrafo 3, de nuestra Acta Orgánica (Acta Jones) que dispone "que ninguna persona será obligada en ninguna causa criminal a ser testigo contra sí misma." Y ésta es la única cuestión a resolver en este caso.

El precepto que se infringe está tomado de estatutos más o menos iguales que rigen en varios estados de la Unión. En la obra *Berry on Automobiles,* página 62, se dice lo siguiente:

"Estatutos similares al de New York han sido aprobados en otros estados, habiendo sido copiado literalmente en las leyes del estado de Missouri. Se ha resuelto que tal estatuto no infringe ninguna disposición constitucional, y que no es contrario a la política pública ni a los principios de libertad personal."

Es interesante, sin embargo, hacer notar que la ley en su origen, en el Estado de New York, fué declarada anticonstitucional y en Missouri, por el contrario, se declaró el precepto en controversia válido y constitucional.

En el caso de *Ex parte Kneedler,* 40 L.R.A. (N. S.) 622, la Corte de Missouri alude al caso de New York diciendo:

"Se ha llamado nuestra atención al caso de *People* v. *Rosenheimer,* 70 Misc. 433, 128 N. Y. Supp. 1093, en que la corte de sesiones generales resolvió que una ley similar era anticonstitucional. Esta decisión fué confirmada por la corte superior con una votación de tres contra dos. 146 App. Div. 875, 130 N. Y. Supp. 544. Consideramos que la opinión disidente del juez Ingraham está sostenida por un razonamiento más sabio.

"Estatutos similares han sido aprobados en los estados de Maine, New Jersey, Michigan, Florida, California, y otros estados. No se ha llamado nuestra atención a ninguna decisión de una corte de última instancia resolviendo la cuestión envuelta en el presente caso."

Por nuestra parte estamos conformes con el razona-

miento de la Corte Suprema de Missouri sosteniendo la validez de la ley. En lo fundamental aquella corte sigue en parte la opinión del Juez Ingraham de New York, pero la corte añade nuevos argumentos que vigorizan el pensamiento de la ley, y así dicha corte dice:

"Tal estatuto es simplemente una reglamentación policíaca. No dice que el accidente por sí solo sea un delito. De existir algún delito, surge de alguna otra ley. No trata específicamente de autorizar que se admita la información dada como prueba en un caso criminal. El mero hecho de que el conductor se identifique no es prueba de culpabilidad sino más bien de inocencia. Por el contrario, el huir inmediatamente que ocurre un accidente es considerado como prueba de culpabilidad. Si en este caso especial el privilegio constitucional justificaba el negarse a dar la información exigida por el estatuto, esa cuestión podía ser levantada más tarde en el juicio. . . . . Tenemos varias leyes que exigen que una persona dé información que tienda a sostener posibles acusaciones, al ser presentada como prueba. A personas que estén a cargo de minas y fábricas se les exige comunicar los accidentes. Los médicos están obligados a comunicar las muertes y sus causas, dando sus nombres y direcciones. Los farmacéuticos deben mostrar sus listas de recetas. Los traficantes deben permitir que sean inspeccionados los alimentos que tienen en existencia. Resolvimos que era válida una ley que exigía a un prestamista mostrar a un funcionario los libros en que se anotaban los artículos recibidos por él, en contra de su objeción fundada en la misma disposición constitucional. Resolvimos que ésta era meramente una reglamentación en el ejercicio del poder de policía, que no dejaba de ser válida porque se pudiera presentar una acusación en la que se podía tratar de usar la prueba para demostrarse que había recibido efectos robados."

[2] Se ha dicho también para sostener la constitucionalidad de la ley, que ésta se basa en la teoría de que el conductor de un automóvil al manejar el mismo hace uso de un privilegio más bien que de un derecho y que tratándose de un privilegio la Legislatura puede fijar las condiciones en que el mismo puede ser ejercido, o negarlo en absoluto.

Por todo lo expuesto, *debe confirmarse la sentencia apelada.*