Hillsborough, ⎱
June 24, 1916. ⎰

## STATE v. NICHOLAS STERRIN.

The operator of a motor vehicle knowing that injury has been caused to another person is required by Laws 1911, c. 133, s. 20 to return to the place of the accident and there remain for a sufficient time to give "proper persons" a reasonable opportunity to demand the information prescribed by the statute.

Laws 1911, c. 133, s. 20, requiring information to be furnished by the operator of a motor vehicle in case of accident, is merely a condition attached to the privilege of using the public highways and is not in violation of the constitutional guaranty against self-incrimination.

A general exception, "to the charge as given," presents no question for the determination of the supreme court.

INDICTMENT, for violating Laws 1911, chapter 133, section 20. Trial by jury and verdict of guilty. Transferred from the January term, 1916, of the superior court by *Branch*, J.

The evidence for the state tended to prove that upon November 22, 1915, the respondent was operating a motor truck, and shortly before six o'clock in the afternoon he had occasion to enter a driveway leading off from Oak street, in the city of Manchester. As he drove the truck across the sidewalk it struck and injured one Emma L. Sutcliffe, who was immediately rendered unconscious by the collision. The respondent did not give the information specified in the statute to any person, but drove the truck away. When he was later charged with responsibility for the accident, he at first denied it, but finally admitted that it was his machine which injured Mrs. Sutcliffe.

At the close of the state's evidence, the defendant moved that he be discharged upon the following grounds: 1. That there was no evidence that the statute had been violated, 2. That the statute was unconstitutional in that it was designed to compel a person to furnish evidence against himself. The motion was denied and the defendant excepted.

The defendant testified that after his truck struck Mrs. Sutcliffe he stopped it and returned to the place where she was lying, that there was no other person in sight, and Mrs. Sutcliffe appeared to be dead, that he then became panic stricken and drove away.

At the close of all the evidence the defendant renewed his motion to be discharged upon the grounds above set forth. This motion

was denied and the defendant excepted.   He also excepted to the
charge as given.

*John R. Spring*, county solicitor (by brief and orally), for the state.

*David W. Perkins* (by brief and orally), for the defendant.

PEASLEE, J.   The defendant was convicted of violating one of
the conditions upon which his license to operate an automobile
upon the public highways was granted.   He now claims that upon
the facts shown it could not be found that there was such violation,
because the condition does not apply to one in his situation.   The
statute in question reads as follows:   "Any person operating a motor
vehicle, knowing that injury has been caused to a person, shall
forthwith bring his motor vehicle to a stop, return to the scene of
the accident, give to any proper person demanding the same his
name and address, the number of the driver's license, the registration
number of the motor vehicle, and the name and address of each
occupant thereof."   Laws 1911, *c.* 133, *s.* 20.

It is argued that because in the present case the person injured
was unconscious, and no other person was present, therefore the
defendant was at liberty to at once leave the scene of the accident,
without waiting for the arrival of anyone who might demand the
information described in the statute.   It is apparent that the legis-
lature could not have intended to make it easier for the operator of
a car to escape detection in case of severe injury like the one here
inflicted than where the injury was trifling.   The object was to
secure information in cases where identification might be difficult,
if the statute was not observed.   Nor is it true that this intent is
not fairly expressed by the language used.

The statute means that the person causing the injury must return
to the place of the accident and there remain for a sufficient time
to give "proper persons" a reasonable opportunity to demand of
him the information which the statute requires that he should
give upon such demand.   It is manifest that what conduct will or
will not amount to a compliance with this obligation must vary with
the varying circumstances of the individual cases.   If there could
be a case where it was evident that no person who could make the
demand was likely to appear, and therefore the operator of the car
could be excused for not waiting for such appearance, the situation
in this case was not one to warrant any such conclusion.   The place

where the collision occurred was a city street and the time shortly before six o'clock in the afternoon. There was every reason to believe that someone would shortly appear to whom the required information could be given if demanded. It was not even shown that the defendant went away because he thought there was not likely to be an opportunity to give information. On the contrary, his own testimony establishes the fact that he left to avoid being identified as the person responsible for what had occurred. The evidence, if believed, proved that the statute had been violated, and the case was properly submitted to the jury.

The defendant also claims that the statute is unconstitutional, in that it requires him to furnish evidence which might be used against him in a criminal proceeding. Bill of Rights, *art.* 15. The same question has been raised in other states, and in each the conclusion has been reached that the statute is valid. *People* v. *Rosenheimer*, 209 N. Y. 115; *Ex Parte Kneedler*, 243 Mo. 632; *People* v. *Diller*, 24 Cal. App. 799. In each of these cases it is pointed out that the operation of an automobile upon the public highways is not a right but only a privilege which the state may grant or withhold at pleasure (*Comm.* v. *Kingsbury*, 199 Mass. 542); and that what the state may withhold, it may grant upon condition. One condition imposed is that the operator must, in case of accident, furnish the demanded information. This condition is binding upon all who accept the privilege. "The statute confers a privilege which the citizen is at liberty to accept by becoming a licensee, or not, as he pleases. Having accepted the privilege, he cannot object to any conditions which have been attached thereto by a grantor with power to entirely withhold the privilege." *State* v. *Corron*, 73 N. H. 434, 445.

The right or immunity of refusing to give incriminating evidence is one that can be waived, and, when it has been, the party may be compelled to furnish the evidence as any other person might. "By consenting to be a witness in his own behalf, under the statute, the accused subjected himself to the same rules, and was called upon to submit to the same tests, which could by law be applied to the other witnesses; in other words, if he availed himself of the privilege of the act, he assumed the burdens necessarily incident to the position. The prohibition in the constitution is against compelling an accused person to become a witness against himself. If he consents to become a witness in the case voluntarily, and without any compulsion, it would seem to follow that he occupies, for the time being,

the position of a witness, with all its rights and privileges, and subject to all its duties and obligations. If he gives evidence which bears against himself, it results from his voluntary act of becoming a witness, and not from compulsion. His own act is the primary cause, and, if that was voluntary, he has no reason to complain." *State* v. *Ober*, 52 N. H. 459, 463; *State* v. *Danforth*, 73 N. H. 215.

The general exception "to the charge as given," presents no question for the consideration of this court. *Edgerly* v. *Railroad*, 67 N. H. 312, 317, and cases cited.

*Exceptions overruled.*

All concurred.