*In Re:* GEORGE JONES.

178 So. 424.

En Banc.

Opinion Filed January 22, 1938.

*DeHoff & DeHoff,* for Petitioner;

Cary D. Landis, Attorney General, and *Tyrus A. Norwood, Assistant Attorney General,* for Respondent.

CHAPMAN, J. —On petition for a writ of habeas corpus it has been made to appear that George Jones is being unlawfully deprived of his liberty by the Sheriff of Flagler County, Florida, for a violation of Chapter 13699, Acts of 1929, Laws of Florida, viz.:

"Section 1. That it shall be unlawful for any operator of any motor vehicle on any public thoroughfare in this State who has inflicted injury or damage or put in jeopardy the person or property of another, to leave the scene of the accident where such damage to person or property was inflicted or put in jeopardy without stopping his vehicle and rendering all possible assistance to help any person who may have been injured in the accident or put in jeopardy thereby, without making known to the persons who may be present

at the scene where such accident occurred, his or her full, true and correct name and address, regardless of whether or not the injury to the person or property or putting in jeopardy was done through the negligence or carelessness of the person inflicting the injury to such person or property."

The return as made by the Sheriff of Flagler County, Florida, recited that petitioner is held under a warrant issuing out of the County Judge's office of Flagler County, Florida, dated October 25, 1937, which is as follows:

"STATE OF FLORIDA     "IN COURT OF COUNTY JUDGE,
"Vs.     "FLAGLER COUNTY,
"GEORGE JONES.     "STATE OF FLORIDA.

"In the Name of the State of Florida, to the Sheriff or any Constable of said County:

"R. A. Powell having this day made oath before me that on the 20th of September, A. D. 1937, in the County Aforesaid, one George Jones, while operating or being in charge of a motor vehicle then and there being driven along State Road No. 4, in Flagler County, Florida, did strike and injure the person of one Felton Gipson and without making known to the persons present his full, true and correct name and address, did unlawfully depart from the scene of such accident, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Florida. These are therefore to command you forthwith to arrest the said George Jones and bring him before me to be dealt with according to law.

"GIVEN under my hand and seal this 25th day of October, A. D. 1937.

"(SEAL)     "H. A. EISENBACH,
"County Judge, Flagler County, Florida."

Petitioner contends that the warrant, *supra,* based·on Section 1, Chapter 13699, Acts of 1929, is void and unconstitutional and specifically violates (a) Section 12, Declaration of Rights of the Florida Constitution, viz.:

"No person shall be subject to be twice put in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law; nor shall private property be taken without just compensation."

(b) Article V of Amendments to U. S. Constitution, viz.:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any Criminal Case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

The law requires owners of motor vehicles to apply for a license to operate the same over the highways of Florida. The application must be in writing disclosing certain information, and a full and complete description of said vehicle must be given. The name, age, and business address of the owner must be stated. When the application is filed in the office of the Motor Vehicle Commission and the same is duly approved and upon payment of the named fee, the owner is granted a numbered plate to be attached to the motor vehicle as a condition precedent to the right and privilege to operate the motor vehicle upon the highways of Florida, and this license must be obtained annually, or semiannually, as prescribed by the statutes of Florida. The law

prescribed the rate of speed that a car must be operated on the highways, with other conditions.

The owners of motor vehicles accept a license to operate their cars upon the highways of Florida subject to all legal regulations existing or later enacted which the Legislature thought or believed the interests of the general public required. The regulation of conduct of motorists involved in accidents or collisions was essential to the protection of human life. The giving of the information required, *supra,* has been upheld by Courts of many States without violating the constitutional rights of citizens.

Volume 8, paragraph 5399, pages 134-5-6 of Cyclopedia of Automobile Law, it was said:

5399. DISCLOSING IDENTITY OR RENDERING ASSISTANCE AFTER ACCIDENT. There are statutes in many states making it compulsory for the operator of an automobile, after knowingly colliding with or causing injury to another person, to bring his vehicle to a stop, return to the scene of the accident, give his name and address, the number of his license, the registration number of the vehicle and the name and address of each occupant, or to comply with similar requirements. A failure to obeserve these statutory requirements amounts to a criminal offense.

"Such statutes are not unconstitutional in that they require the driver to furnish evidence which may be used against him in a criminal proceeding. They are within the valid exercise of the police power. They are sustained on the ground that the operation of an automobile upon the public highways is not a right, but only a privilege, which the state may grant or withhold and that what it may withhold it may grant upon condition; that one condition imposed is that the driver must, in case of accident, furnish the demanded information.

"Such statutes are construed to mean that the party caus-
ing the injury shall render all of the aid which would rea-
sonably appear to him, as an ordinary person, at the time
to be necessary, and that he must return to the place of the
accident and there remain for a sufficient time to give the
proper person a reasonable opportunity to demand of him
the information which the statute requires.

"Such a statute is designed to prohibit negligent or
wanton drivers from seeking to evade civil or criminal pros-
ecution by escaping before their identity can be established,
and to prohibit all drivers from leaving injured persons in
distress and danger for want of proper medical or surgical
treatment. This character of statute, however does not
apply to an accident caused by a pedestrian walking against
a motionless car, because it refers only to a motorist who
is an actor in a collision and who failed to make himself
known after 'knowingly colliding' with the injured person.

"Persons occupying an automobile and who have or as-
sume authority over the driver may be held liable the same
as the driver, within the meaning of such statutes, although
another is doing the actual driving. Only those actually in-
volved in the accident as part of and party to it are re-
quired to stop and render assistance."

Likewise Perry on Automobiles (6th Ed.) Vol. 1, par.
56, pages 46-47.

"56. REQUIRING DRIVER OR OWNER TO GIVE NAME,
ADDRESS, AND ASSISTANCE IN CASE OF ACCIDENT. Stat-
utes have been held valid which require the driver or owner
of an automobile, in case its operation causes injury to
person or property, to stop and give his name and address,
and other information, to the person injured in person or
property, or to some other suitable person, and to render
assistance to the injured.

"A statute which makes it a crime for the driver of a motor vehicle, or of any other vehicle, and the person, if any, therein having control over the driver, in case of a collision with any person or vehicle, to refuse to stop and render to the person struck, or to the occupants of the vehicle collided with, all necessary assistance, and to give such injured person or persons the number of his vehicle, his name and address, and the name of the owner of such vehicle, is not violative of the constitutional provision that 'no person shall be compelled, in any criminal case, to be a witness against himself.'

"This position is based upon the theory that the driver of an automobile in the operation thereof exercise a privilege and not a right, and as to such privilege it is competent for the Legislature to prescribe the conditions upon which it shall be exercised, or deny it altogether.

"The Act was designed to prohibit under pain of severe punishment, negligent or wanton drivers of motorcars from seeking to evade civil or criminal prosecution by escape before their identity could be established, and similarly to prohibit all drivers, whether negligent or not, from leaving persons injured in collisions with cars driven by them, in distress and danger for want of proper medical or surgical treatment." * * *

The constitutionality of similar statutes was approved by Vol. 5, American Jurisprudence, par. 785, pages 922-3, when it said:

"C. Constitutionality of Statutes.

"785. GENERALLY.—Statutes requiring the operator of a motor vehicle on the highway, or one assuming control over the operator, to do certain affirmative acts after the happening of an accident, i. e. to stop, to furnish information and means of identification, to render assistance, and,

in some cases, to report to the proper authorities, are a valid exercise of the police power. They do not constitute an infringement of the constitutional guaranty against compulsory self-incrimination. Such statutes do not require the operator of a motor vehicle to state the circumstances of the occurrence tending to show his responsibiilty, but merely to stop and identify himself. Undoubtedly, however, they do require him to make known a fact which will be a link in a chain of evidence to convict him of crime, if in fact he has been guilty of one, but since the Legislature may prohibit altogether the use of automobiles on the highways, it has authority to declare the use of a motor vehicle in such a way as to injure any person or property, a crime. Such statutes, because of the uncertainty of the language used, are not unconstitutional as delegating to courts and juries legislative power to define the offense charged."

See: Ule v. State, 208 Ind. 255, 194 N. E. 140, 101 A. L. R. 903; State v. Razey, 129 Kan. 328, 282 Pac. Rep. 755, 66 A. L. R. 1225; Scott v. State, 90 Tex. Cr. Rep. 100, 233 S. W. 1097, 16 A. L. R. 1420.

We do not think it necessary for a decision of this case to consider the question of the right of a citizen to use the public highways of Florida or whether the use is a right or a privilege. The statute called into question does not violate any of the constitutional rights of the petitioner.

The petitioner is remanded to the custody of the Sheriff of Flagler County, Florida, for further proceedings before the County Judge of Flagler County, Florida.

It is so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

BROWN, J. (concurring).—Whether the operation by a licensed owner of an automobile upon the public highways

of this State be deemed a *right,* or a *privilege,* I think the statute is a legitimate exercise of the police power, when the dangerous character of automobiles and all the facts and conditions surrounding their operation, and the frequently injurious and sometimes fatal effects of such operations, are all duly considered.