## STATE v. FARRELL.
No. 5723.

Circuit Court, Dade County, Criminal Appeal.

July 2, 1965.

Philip J. Mandina, Miami, for appellant.

Richard E. Gerstein, State Attorney, N. Joseph Durant, Jr., Assistant State Attorney, for appellee.

JAMES LAWRENCE KING, Circuit Judge.

The appellant, Jeffry B. Farrell, appealed from his conviction of careless driving and of a violation of section 30-14 of the Code of Metropolitan Dade County. This section provides—

Sec. 30-14. *Incompetent drivers.*

(a) No person under the age of sixteen years, without a special permit as provided by the laws of the state of Florida, and no person physically or mentally disabled or incapacitated in any particular, temporarily or

permanently, shall drive a motor vehicle in this county, provided such disability or incapacity is such as to interfere with the ready and safe operation of such vehicle.

The appellant contends that this ordinance is too uncertain and arbitrary and also assigns certain errors of procedure in the trial court. His argument as to the errors finds no support in the record.

After careful consideration of the ordinance, it is the opinion of this court that the language which delegates to courts or juries legislative power to define the traffic offense charged is not invalid for uncertainty. In re Jones (1938 Fla.), 178 So. 424.

Nor is the ordinance arbitrary because it compels a driver to to determine whether he is physically and mentally competent to readily and safely operate his vehicle. The law is full of instances where a man's fate depends on his estimating rightly, that is, as a jury subsequently estimates it, some matter of degree. If his judgment is wrong not only may he incur a fine or a short imprisonment, as here; he may incur the penalty of death.

It is apodictic that every case must stand on its own facts. The record on appeal in the cause supports the convictions. It is, therefore, considered, ordered and adjudged that the convictions are affirmed.