(No. 39599.—<span></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BILLY LEE GLENN, Plaintiff in Error.

*Opinion filed October 28, 1966.*

KENNETH M. COLLINSON, of Rock Island, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and RICHARD STENGEL, State's Attorney, of Rock Island, FRED G. LEACH, Assistant Attorney General, and PETER M. SOBLE, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Billy Lee Glenn, was found guilty of unlawful use of weapons by a jury in the circuit court of Rock Island County. He was sentenced to a term of one to ten years in the penitentiary following a post-trial hearing in which evidence of two prior felony convictions was introduced. Defendant seeks review of his conviction and sentence contending (1) that the trial court erroneously denied his motion to suppress certain evidence allegedly obtained in the course of an illegal search and seizure, and (2) that irregularities occurring at the hearing prior to sentencing require a new hearing on that matter.

At about 5:00 A.M. on November 19, 1962, defendant and another man drove into a service station in Rock Island to purchase gasoline. The station attendant who serviced the car testified that defendant and his companion were drinking beer out of an open can and that there was a shotgun in the back seat of the car. The shotgun was not in a case and was not "broken down," meaning that it was not taken apart so as to render it incapable of being fired. After defendant and his passenger drove away, the station attendant called the Rock Island police headquarters and gave the police a description of the car and its license number. He also reported to the police that the men in the car had a shotgun which was not broken down and that they were drinking.

About 5:25 A.M. Rock Island police officers George Swank and James Houston were patrolling in their squad car when they received a radio call from police headquarters to stop defendant's car. The officers were given a description of the car, and shortly thereafter, they saw the car and stopped it. Defendant argues that he was first searched and then put under arrest, although this sequence of events was disputed by the State which contends that the evidence shows that the arrest preceded the search. This issue will be resolved later in this opinion. It is undisputed, however, that the search of defendant disclosed the presence of a

concealed pistol on his person, and also that a shotgun which was not broken down was found on the floor of the front seat of the car under the legs of the defendant and his companion.

Count 1 of the indictment charged in the language of the statute that defendant "knowingly carried concealed in a vehicle or about his person, while not on his own land or in his own abode or fixed place of business, a pistol, revolver or other firearm." Count 2 charged defendant in the same language as count 1 and also alleged that he had been previously convicted of a felony in Missouri. Count 2 was dismissed on motion of the State prior to the trial. Defendant was found guilty of unlawful use of weapons as alleged in count 1 of the indictment.

At the trial, defendant filed a motion to suppress from evidence the pistol and shotgun on the grounds that they were both obtained during an illegal search and seizure. Defendant argues that (1) the search without a warrant took place prior to his arrest and therefore cannot be justified as a search incident to a lawful arrest, and (2) that the arrest itself was not lawful.

On direct examination, officer James Houston testified that immediately upon stopping the car he ordered defendant out of the car and searched him. However, on cross-examination, he testified that "Officer Swank placed him [the defendant] under arrest when he saw the shotgun." Office Swank testified that immediately after they stopped the car, he went to the car, looked in and observed the stock of a shotgun. When asked on cross-examination when he placed defendant under arrest, he testified, "As soon as we stopped the vehicle and I observed the shotgun under the feet of the people on the right side * * *. It was under the feet of the party on the right hand side. That would put it under the feet of both occupants actually." Officer Swank further testified that they observed liquor in the car and that the shotgun was loaded and ready to fire.

It is well established that a police officer is justified in making an arrest without a warrant if a crime has been committed and he has reasonable grounds for believing that the person to be arrested committed it. (*People* v. *Boozer,* 12 Ill.2d 184; *People* v. *Hightower,* 20 Ill.2d 361; *People* v. *La Bostrie,* 14 Ill.2d 617; *People* v. *Beattie,* 31 Ill.2d 257.) In this case, the accuracy and reliability of the information called in by the service station attendant regarding the defendant and his commission of a crime is of course a critical question. The initial call by the service station attendant to the police clearly reported a violation of section 46 of the Game Code which prohibits carrying an uncased shotgun in a car in a condition in which it can be fired. (Ill. Rev. Stat. 1961, chap. 61, par. 180.) A complete description of the car was given to the police. Officer Reynold Carlson who received the call at police headquarters, testified that the message concerning the car was relayed to the squad cars. Defendant argues that there is no positive testimony that the message relayed to the squad cars provided sufficient information to inform officers Houston and Swank that a crime had been committed. We are of the opinion, however, that the fair inference to be drawn from the testimony is that the entire "message" regarding the car called in by the station attendant was relayed to the police officers who made the arrest in this case.

The accuracy of the station attendant's information was verified by the fact that the officers saw the car which had been described by the station attendant, and was further verified when officer Swank observed the stock of the shotgun under the legs of the defendant and his passenger. At this point we think that the officers had reasonable grounds to believe that defendant had committed a crime. The arrest without a warrant was therefore lawful. See *People* v. *Filas,* 369 Ill. 78; *People* v. *Kissane,* 347 Ill. 385.

Defendant next contends that the trial court erroneously sentenced him under the enhanced penalty provision of the

Unlawful Use of Weapons provision of the Criminal Code of 1961 (Ill. Rev. Stat. 1961, chap. 38, par. 24—1(b),) and further, that even if he was sentenced under the provisions of the now repealed Habitual Criminal Act as the State contends, the provisions of that act were not complied with.

It is apparent that there was initial confusion in the trial court as to whether the pre-sentence hearing was one under the Habitual Criminal Act or not. As the hearing progressed, however, we think it became clear to all concerned that the proceeding was a hearing under the Habitual Criminal Act, and defendant's contention to the contrary cannot be sustained.

Defendant argues further that if the proceeding was one under the Habitual Criminal Act, the provisions of that act were not followed. The relevant provision of the act provided:

"A former conviction of a felony shall not be alleged in the indictment, and no evidence or other disclosure of such conviction shall be presented to the court or the jury during the trial of the principal offense unless otherwise permitted by the issues properly raised in such trial. After a plea or verdict or finding of guilty and before sentence is imposed, or after sentence is imposed and before the defendant has received his final and unconditional release and discharge from such sentence, the prosecutor may file with the court a written statement concerning any former conviction of a felony rendered against the defendant. The court then shall cause the defendant to be brought before it; shall inform him of the allegations of the statement so filed, and of his right to a hearing before the court on the issue of such former conviction of a felony and of his right to counsel at such hearing; and unless the defendant admits such conviction, the court shall hear and determine such issue, and shall make a written finding thereon. If a sentence previously has been imposed, the court may vacate such

sentence and impose a new sentence in accordance with Section 5 of this Act, crediting the defendant with all time duly served under the sentence originally imposed." Ill. Rev. Stat. 1961, chap. 38, par. 603.3(a).

Defendant contends that in this case there was no written statement concerning any former conviction of a felony and no written finding by the judge as required by the act. The People argue that the statute does not positively require the filing of a written statement, but only states that the prosecution "may" file such a statement, and that no definite procedure is required by the act. The People also argue that at the time the hearing started, defendant was given oral notice by the People that they intended to introduce evidence of prior convictions, and that a written statement to this effect was served on defendant shortly thereafter.

In a hearing under the particular provision of the Habitual Criminal Act with which we are here dealing, the sole question is whether defendant has been previously convicted of a felony as defined in the act. In this case, the State introduced exemplified copies of court records and prison records showing that a Billy Lee Glenn had been convicted and imprisoned in the Missouri State Penitentiary for the offenses of robbery and offering offense to a prison guard. Defendant's sister testified that defendant had been so imprisoned and that he was released from the penitentiary on a certain date, which date coincided with the date of release shown on the prison records introduced in evidence.

Defendant did not contend in the trial court, nor does he on appeal, that the court records and prison records introduced at the pre-sentence hearing were not the records of his prior conviction and imprisonment for a felony. Nor does he contend that the prior convictions were not "former convictions of a felony" as defined in the Habitual Criminal Act. Furthermore, no contention is made that his sentence of one to ten years in the penitentiary was not within the limits prescribed by the act. Defendant was represented by

counsel throughout the hearing. Under these circumstances, we are of the opinion that no prejudicial error occurred in the pre-sentence hearing in the trial court under the now repealed Habitual Criminal Act.

The judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*