(No. 41159.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ROGER B. LUCUS, Appellant.

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

NIVEN & CLAY, of Pontiac, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and CHESTER CRABTREE, State's Attorney, of Pontiac, (FRED G. LEACH, Assistant Attorney General, and RONALD K. FELLHEIMER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Roger B. Lucus, was found guilty, by a jury in the circuit court of Livingston County, of leaving the scene of an accident involving damage to a vehicle, and fined $50 plus the costs of the proceeding. He has appealed directly to this court alleging (1) that the statute under which he was convicted is violative of the privilege against self-incrimination; (2) that his arrest was unlawful; and (3) that the trial court erred in refusing to give certain instructions he requested.

On December 8, 1965, at about 7:00 P.M., Lucus, who was then 17 years of age, and a young girl friend were driving from Long Point, Illinois, toward Dwight along Route 23 in a white 1960 Chevrolet. East of Cornell, the defendant's car was passed by a Volkswagon bus occupied by six men. A little later, the defendant's auto passed the Volkswagen and the bus again passed the Chevrolet. Then, as the defendant was in the act of passing the Volkswagen once more the vehicles collided causing damage to the left front side of the Volkswagen, which was occupied by railroad employees, and the right rear side of the defendant's Chevrolet. It does not appear that anyone was injured. The defendant completed his passing of the bus and did not stop. The Volkswagen, too, continued along the highway for about one-half a mile where the driver, Robert Waggoner, stopped at a farmhouse. There he phoned the State police and reported the incident, giving a description of the defendant's automobile and its license number. A State

trooper, who had been informed of the occurrence by radio, stopped the Chevrolet on route 66 near Dwight, about 17 miles from the scene of the impact. The defendant was taken to State police headquarters, where his auto was identified by the occupants of the Volkswagen, and the damage to both vehicles was examined by the police. The defendant was then charged with leaving the scene of an accident involving damage to a vehicle.

The statute concerned provides in part: "The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of such accident until he has fulfilled the requirements of Section 38 of this Act." (Ill. Rev. Stat. 1965, chap. 95½, par. 134.) Section 38 of the Act, incorporated by reference into section 37 as well as into section 36 (entitled "Accidents involving death or personal injuries"), provides that: "The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying or making of arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such carrying is requested by the injured person." Ill. Rev. Stat. 1965, chap. 95½, par. 135.

The defendant asserts that the requirement that a motorist involved in a traffic accident, in effect, identify himself unconstitutionally compels an individual to incrimi-

nate himself by supplying evidence of his identity which can be used in any criminal charge arising out of the collision. No other challenge to the validity of the statute is presented.

An important purpose of a statute such as this is to inform immediately one whose vehicle has been damaged of the identity of the person in control of the motor vehicle causing the damage. (See *Commonwealth* v. *Joyce,* 326 Mass. 751, 97 N.E.2d 192, 194.) The gist of the offense created by the statute is not the fact of causing damage to a motor vehicle, but the concealing or attempting to conceal the identity of a driver who has been involved in an accident which caused damage to another vehicle. (*Cf. People* v. *Nails,* 10 Ill.2d 279, 286.) The statute is a regulatory one directed at all who operate motor vehicles and not at "a highly selective group inherently suspect of criminal activities" as in a case such as *Albertson* v. *Subversive Activities Control Board,* 382 U.S. 70, 79, 15 L. Ed. 2d 165, 172, 86 S. Ct. 194. The legislature in view of the problems and damages occasioned by motor vehicles may impose reasonable conditions on the operation of such vehicles. (See *Haswell* v. *Powell,* 38 Ill.2d 161, 163.) Statutes enacted pursuant to this authority must represent a reasonable exercise of the police power and cannot, of course, be violative of constitutionally assured rights.

Many jurisdictions have considered the constitutionality of essentially like "hit and run" statutes and have rejected arguments that the provisions violated the guaranty against self-incrimination: *e.g. Commonwealth* v. *Joyce,* 326 Mass. 751, 97 N.E.2d 192; *In re Jones,* 130 Fla. 667, 178 So. 424; *Ule* v. *State,* 208 Ind. 255, 194 N.E. 140; *People* v. *Rosenheimer,* 209 N.Y. 115, 102 N.E. 530; *People* v. *Thompson,* 259 Mich. 109, 242 N.W. 857, *Ex parte Kneedler,* 243 Mo. 632, 147 S.W. 983; *State* v. *Sterrin,* 78 N.H. 220, 98 A. 482. We deem that our statute, too, can withstand such a constitutional challenge.

The privilege under the fifth amendment is not without qualification. It "is confined to real danger, and does not extend to remote possibilities out of the ordinary course of law." (*Heike* v. *United States,* 227 U.S. 131, 144, 57 L. Ed. 450, 455, 33 S. Ct. 226.) "The central standard for the privilege's application has been whether the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination. [Citations.]" *Marchetti* v. *United States,* 390 U.S. 39, 53, 19 L. Ed. 2d 889, 901.

The statute here requires the driver to disclose only his name and address, the registration number of his vehicle and, upon proper request, his driver's license. The fact that a motor vehicle has been damaged does not, of course, of itself mean that a crime is involved. However, we note that the statute does not require the driver to relate the circumstances of the accident and it in no way requires him to discuss the event beyond, in effect, identifying himself. In *Comonwealth* v. *Joyce,* 326 Mass. 751, 97 N.E.2d 192, the Supreme Judicial Court of Massachusetts considered a contention that a statute which required a motorist involved in a collision resulting in personal injury to stop and make known his name, address and vehicle number violated the privilege against incrimination. The court concluded that "The tendency of the required information to incriminate the defendant is too remote to form a basis for a claim of privilege. * * * There is no real or substantial danger that the evidence supplied will lead to a charge of crime or to the securing of evidence to support such a charge." 97 N.E.2d at 196.

Using the standard of *Marchetti* v. *United States,* which we have above described, we hold that the statute's provisions do not present a substantial and real hazard of incrimination.

The defendant next argues that his arrest without a warrant was unlawful and constituted an unconstitutional

seizure of his person, because, he alleges, it was based on information provided by an informer of unestablished reliability.

As stated, after the collision, the driver of the bus, who later appeared as a witness against the defendant, phoned the State police. He identified himself, reported the incident and described the defendant's auto as a 1960 white Chevrolet with a defective tail light. The driver also gave the police the license number of the auto. Such information was transmitted to a State trooper, who about 15 minutes later observed and stopped the defendant's auto. The defendant stated that he had been involved in the collision and he was taken to the State police headquarters.

It is clear that probable cause for an arrest without a warrant exists if an offense has been committed and the arresting officer has reasonable grounds for believing that the person to be arrested committed it. (*People* v. *Glenn,* 35 Ill.2d 483, 486.) It is equally plain that in determining the presence of probable cause in a given case "courts deal with probabilities and are not disposed to be unduly technical; rather, they act upon 'the factual and practical considerations of everyday life upon which reasonable and prudent men, not legal technicians, act.' (*Brinegar* v. *United States,* 338 U.S. 160, 175.)" (*People* v. *La Bostrie,* 14 Ill.2d 617, 622.) Here, an eyewitness to the offense identified himself to the police and reported the incident and described the concerned auto. The accuracy of the reported information was confirmed by the trooper's personal observation of the defendant's auto and his admission that he had been involved in the collision reported. Clearly the officer had reasonable grounds to believe that the defendant had committed an offense and his arrest without a warrant was lawful. (*People* v. *Glenn,* 35 Ill.2d 483, 485, 486.) The appellant's argument relative to unidentified informants of unknown reliability has no application here.

The defendant complains, too, that the trial court erred

in refusing to give defendant's instructions numbered 13, 14, and 15, which related to the defense of necessity. It is unnecessary for us to judge whether the defendant was entitled to have the jury given any instructions concerning this defense, as we believe that the trial court properly refused to give the particular instructions tendered. While a defendant is entitled to have the jury instructed as to the law applicable to any state of facts in defense which the jury might legitimately find to have been proved from the entire evidence (*People* v. *Kalpak*, 10 Ill.2d 411, 424), he has the responsibility to insure that the instruction tendered is in proper form. (*People* v. *Bolik*, 241 Ill. 394, 397, 398.) Instructions must not assume the existence of any material facts in issue. See *People* v. *Schallman*, 273 Ill. 564, 573; *People* v. *Blevins*, 251 Ill. 381.

The defendant's instructions 13 and 15 stated that the defendant had raised the defense of necessity, that the defense is a proper defense under the law and must be considered by the jury. These improperly expressed that the jury had an unqualified duty to consider the defense and did not sufficiently explain that the jury had to find the existence of the elements on which the defense of necessity is legally based. Number 13 would also have the jury gratuitously assume that the defendant did in fact believe that leaving the scene was necessary to avoid a personal injury greater than the injury which might reasonably result from his conduct in leaving the place of the accident, leaving only the reasonableness of the assumed belief to be decided by the jury. Instruction number 14 and the remainder of number 15, following the part of it just discussed, consist only of a recitation of the language of section 7—13 of the Criminal Code of 1961, entitled "Necessity." Instructions should not only state the pertinent law, but should make application of the law they purport to state to the facts as may be found by the jury. (*People* v. *Isbell*, 363 Ill. 264, 267, 268; *People* v. *Lehner*, 335 Ill. 424, 430.) Numbers

'14 and 15 here were defective in that neither instruction nor any other offered by the defendant related their contents to the evidence in the case. Under the circumstances they would not have been meaningful and helpful to the jury.

The judgment of the circuit court of Livingston County is affirmed.

*Judgment affirmed.*