THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
GARY L. STREMMING, Defendant-Appellee.

Fourth District   No. 4—87—0564

Opinion filed March 30, 1988.

Paul Lee Stone, State's Attorney, of Sullivan (Kenneth R. Boyle, Robert J. Biderman, and Kenneth R. Baumgarten, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

R. Glen Wright, of Findlay, for appellee.

JUSTICE LUND delivered the opinion of the court:

Defendant Gary L. Stremming was involved in a traffic accident and was issued a citation for following too closely in violation of section 11—710 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—710). Defendant pleaded not guilty, and the matter was set for trial. Defendant filed a motion to suppress certain statements made to the investigating officer. The circuit court of Moultrie County granted the motion. The State filed a certificate of substantial impairment and a timely notice of appeal.

The facts are relatively simple. On March 24, 1987, defendant was involved in a one-vehicle traffic accident in which his tractor-trailer unit overturned. Illinois State Police Trooper Steve Murray responded to the accident call. When he arrived, he ascertained that defendant was the driver and asked defendant what had occurred. Defendant responded that as he was driving down the road, a car in front of him stopped suddenly and defendant swerved to avoid striking the car. As a result, his tractor-trailer overturned. On the basis of this statement, Murray wrote defendant a citation for following too closely. The traffic complaint was later supplanted by an information charging defendant with the same offense. Murray conducted a motor vehicle accident investigation at the scene. The information from the investigation and the statements from defendant were used to complete a traffic accident report pursuant to section 11—408 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—408). Murray later testified that when he initially spoke with defendant at the scene of the accident, defendant was not placed under arrest nor was defendant suspected of any wrongdoing. It was only upon hearing defendant's statements as to the cause of the accident that Murray determined to issue a citation.

Defendant filed his plea of not guilty on April 27, 1987. On July 6, 1987, defendant filed a three-count "Motion to Suppress Confession." Count I alleged that defendant had provided Trooper Murray with information for the accident report required by section 11—408; that the provision of such information was required under penalty of law; and that such information was privileged and could not be used as evidence in a criminal trial pursuant to section 11—412 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—412). Count II alleged, in the alternative, that requiring defendant to furnish information for the purposes of completing the section 11—408 accident report was a violation of the constitutional right to freedom from self-incrimination. Count III alleged, in the alternative, that Trooper Murray's questioning of defendant for the purposes of gathering information for the section 11—408 accident report was a significant restraint on defendant's liberty; that defendant should have been given the *Miranda* warnings; and that defendant's statements were made in violation of the *Miranda* rights. A hearing was held on August 3, 1987. The court granted defendant's motion based on count I. The State then perfected this appeal.

In this appeal, we focus on that portion of the Code which deals with the responsibilities associated with traffic accidents. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—401 *et seq.*) All three counts of defendant's motion are grounded on the premise that he was compelled by the statutory scheme for the reporting of traffic accidents to give the investigating trooper any information the trooper requested, including information which would incriminate him. The State argues the statutory scheme does not compel one to give incriminating information but only information sufficient to identify oneself. Having examined the relevant statutes, we conclude the State is correct.

■ In *People v. Lucas* (1968), 41 Ill. 2d 370, 243 N.E.2d 228, the supreme court held that a statutory requirement that one involved in a traffic accident give his name, address, and the vehicle registration number of the vehicle involved in the accident did not violate the right against self-incrimination. Requiring such information was simply requiring the identification of those involved in traffic accidents and was a reasonable exercise of the police power of the State. Such information is still required of those involved in traffic accidents. Ill. Rev. Stat. 1985, ch. 95½, pars. 11—401 through 11—404.

■ In addition to the identification information required of accident participants, a detailed report of the particulars of the accident is required to be furnished to the Department of Transportation (Department). The statute requires such a report from participants (Ill.

Rev. Stat. 1985, ch. 95½, par. 11—406) and investigating police officers (Ill. Rev. Stat. 1985, ch. 95½, par. 11—408), if any. Such written reports, when forwarded to the Department, are confidential and precluded from admission in any civil or criminal hearing. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—412.) An exception to the confidentiality exclusion is provided for the information in the written report prepared by the police officer. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—408(a).) One prior case has held that a law enforcement officer may use his report to refresh his recollection while testifying, but that the accident report itself is inadmissible. *Tuskey v. Callos* (1969), 112 Ill. App. 2d 213, 219, 250 N.E.2d 524, 527.

Defendant argues that upon being questioned by an investigating police officer, pursuant to the officer's duty to complete his accident report, an accident participant is compelled to give full and complete detailed information, including any information which might incriminate himself. Defendant argues this is so because of the general obligation of citizens to obey police officers in traffic matters (Ill. Rev. Stat. 1985, ch. 95½, par. 11—203), and because the police officer has a duty to complete a detailed accident report (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—408, 11—411). We reject defendant's argument for several reasons.

First, we note the statutory scheme does not expressly require an accident participant to divulge any information to a police officer except the identification information which passed constitutional muster under *Lucus*. Accident participants are required to furnish detailed information only to the Department via the participant's written report. It is not required that a participant furnish detailed information to an investigating police officer. Rather, the officer is simply required to prepare a report from his own investigation, which may include information obtained from accident participants. Neither do we infer any duty to provide detailed information from the general obligation to obey police officers. The duty contained in section 11—203 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—203) is to obey "any *lawful* order or direction of any police officer." (Emphasis added.) It is presumed that the legislature acted in light of the principles of the constitution and intended to enact a statute which is not inconsistent with the constitution. (*Gill v. Miller* (1983), 94 Ill. 2d 52, 56, 445 N.E.2d 330, 332.) If the participant chooses to remain silent when questioned by an officer on fifth amendment grounds, it is his constitutional right to do so, and nothing in the statutory scheme above contradicts this right.

A second reason for rejecting defendant's arguments stems

from public safety. A law officer's investigation does not proceed solely from his responsibility to make a report for the Department. The officer, arriving at an accident scene, must determine how best to give aid to injured citizens, protect those nearby from further danger, and regulate traffic. Defendant would require that any information obtained from an accident participant, which finds itself in a confidential accident report destined for the Department, be barred from use in any civil or criminal proceeding. Such an interpretation of the statutory scheme is unreasonable and unnecessary. The investigating officer may gather information in performance of his various duties, only one of which is the completion of a section 11—408 accident report. As a practical matter, in many cases, a police investigation would occur whether or not a confidential accident report was required of the officer.

■ In summary, the statutory scheme does not compel disclosure to an investigating police officer of any information which violates an individual's freedom from self-incrimination. In the instant case, defendant was not compelled to give any inculpatory information to Trooper Murray upon being questioned by Murray as to what had occurred at the accident scene. We reverse the trial court on its holding in favor of count I of defendant's motion to suppress. A law officer may testify regarding detailed accident information obtained from an accident participant, although the accident report itself is not admissible. Ill. Rev. Stat. 1985, ch. 95½, par. 11—412.

■ While this appeal relates to the trial court's ruling as to count I of defendant's motion, we note from the record that defendant presented his case as to all three counts. Count II is interrelated with the issues of count I and must fail for the reasons we have already set forth. Furthermore, the evidence presented at the motion hearing gave no hint of a restraint of liberty such as would trigger the *Miranda* warnings. The officer did nothing more than ask what had happened. This could not justify a finding of restraint. We conclude it is not necessary to remand for further findings on the motion.

Reversed.

McCULLOUGH and SPITZ, JJ., concur.