**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0129, <u>State of New Hampshire v. Michael Martin</u>, the court on September 15, 2016, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Michael Martin, appeals his conviction in the Circuit Court (<u>Ashley</u>, J.) on charges of speeding, <u>see</u> RSA 265:60 (Supp. 2015), and misuse of or failure to display plates, <u>see</u> RSA 261:176 (2014).  We construe his brief to argue that statutes regulating private, as opposed to commercial, "travel" on public ways, particularly those requiring driver's licenses, violate his federal constitutional right to travel.

In this case, the defendant has not supplied a transcript of the hearing before the trial court.  Therefore, we assume that the evidence was sufficient to support the trial court's findings, <u>see</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004), and examine the trial court's order for errors of law only, <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997).

The defendant's argument that all regulation of private travel on public ways is unconstitutional is premised upon his contention that "the Citizen does have a 'Right' to travel and transport his property upon the public highways and roads and the exercise of this Right is not a 'privilege.'"  However, we have long held that "the operation of an automobile upon the public highways is not a right, but only a privilege which the state may grant or withhold at pleasure and that what the state may withhold it may grant upon condition."  <u>State v. Sterrin</u>, 78 N.H. 220, 222 (1916) (citations omitted).  This principle has been repeatedly affirmed in succeeding cases.  <u>Opinion of the Justices</u>, 94 N.H. 501, 503 (1947).  We have opined that "[t]he control which the State may exercise over the use of its highways is practically unlimited."  <u>Id</u>.  The right to travel under the Fourteenth Amendment does not impede the State's authority to regulate the operation of automobiles upon public ways.  See <u>Hendrick v. State of Maryland</u>, 235 U.S. 610, 622 (1915) ("[A] state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its

highways of all motor vehicles . . . .  And to this end it may require the registration of such vehicles and the licensing of their drivers . . . .").

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
